LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* HALLECK ET AL.

[No. 10,516.    Filed June 27, 1922.]

1. RAILROADS.— *Crossing Accidents.— Questions of Fact.— Contributory Negligence.*—In an action for injuries in a crossing accident by a passenger in an automobile against the owner thereof and a railroad company, complaint alleging that the owner, on approaching the crossing, did not stop his automobile and look and listen for approaching trains before at-

tempting to go upon the crossing, *held* not to show, as a matter of law, that plaintiff was guilty of negligence precluding a recovery, in view of other averments of the complaint, but that the question of contributory negligence was for the jury. p. 498.

2. TRIAL. — *Verdict.* — *Validity.* — *Action in Tort.*— *Apportionment of Damages.*—In an action for damages against two or more joint tortfeasors, the jury has no authority to return a verdict apportioning the damages among the defendants, but the verdict must be for a single sum against all found to be liable. p. 499.

3. TRIAL. — *Action in Tort.* — *Verdict.* — *Validity.*— *Apportionment of Damages.*—Although the jury in an action in tort has no authority to apportion the damages among the defendants found liable, a verdict by which the jury found all defendants liable, and assessed plaintiff's damages in a named amount, is not vitiated because the jury also made such an apportionment; that part of the verdict by which the jury attempted to apportion the damages being deemed mere surplusage. p. 499.

4. APPEAL.— *Review.*— *Harmless Error.*— *Refusal to Instruct Jury to Answer Interrogatory.*—In an action against a railroad company for injuries in a crossing accident, in which the complaint alleged the negligent failure of defendant's employes to give any warning of the approach of the train to the crossing, the refusal of the court to resubmit an interrogatory, "Did the employes of defendant company in charge of said locomotive blow the whistle on said locomotive as a crossing signal at a point 1,000 feet east of" the crossing, which the jury answered, "Doubtful," *held* harmless error, where an affirmative answer would not necessarily have acquitted the defendant of negligence. p. 500.

From Delaware Circuit Court; *William H. Eichhorn,* Special Judge.

Action by Audrey M. Halleck against the Lake Erie and Western Railroad Company and another. From a judgment for plaintiff, the named defendant appeals. *Affirmed.*

*John B. Cockrum* and *Silverburg, Bracken & Gray,* for appellant.

*George W. Cromer* and *Harry Long,* for appellee.

REMY, J.—Action by appellee Halleck, hereinafter designated as appellee, against appellant and appellee Jordan, to recover damages for personal injuries alleged to have been sustained by reason of a collision between an automobile in which appellees were riding and a locomotive and train of cars on appellant's railroad tracks, at the intersection of the tracks with a public street in the city of Muncie. It will not be necessary to set out all the averments of the complaint. Among other allegations, it is averred, in substance, that the plaintiff was riding in the back seat of an automobile owned and driven by appellee Jordan, as his guest, the top of the automobile being up at the time; that as the automobile approached the crossing Jordan did not stop, look and listen for approaching trains; that appellant failed to have an electric light burning at the crossing as required by ordinance, although it was nighttime, and so dark that travelers riding in the rear seat of the automobile with the top up could not see the crossing before arriving thereat; that appellant by its towerman negligently lowered its crossing gates upon the automobile "as it was about to enter and was entering upon" the tracks, without ringing any bell or giving any signal thereof; that appellant negligently ran its locomotive and train against the automobile without ringing any bell or giving any signal of its approach, and at a speed of twenty-five miles per hour in violation of a city ordinance; that appellee, at the time did not know that Jordan intended to cross the railroad tracks, and did not see the tracks, and did not hear the engine or cars until the automobile was upon the crossing.

Appellant's separate demurrer to the complaint having been overruled, the parties defendant each answered by denial. Appellant also filed a special answer alleging that at the time of the collision there was in full

force and effect in the city of Muncie, a certain ordinance which made it unlawful for any railroad company to sound a locomotive whistle within the corporate limits of the city of Muncie, and that the collision occurred within the corporate limits of such city.

Trial resulted in a judgment in favor of appellee, and against both defendants, from which Jordan does not appeal.

Appellant has assigned as errors, the action of the court in (1) overruling its separate demurrer to the complaint; (2) overruling its motion for *venire de novo;* (3) overruling its motion for judgment on answers to interrogatories returned by the jury notwithstanding the general verdict; and (4) overruling its motion for new trial.

Appellant calls attention to the averment in the complaint that Jordan, the driver, of the automobile, did not stop his automobile, and did not look and listen

1. for approaching trains, before attempting to go upon the crossing, but carelessly and negligently drove upon the tracks; and contends that the only inference to be drawn from this averment is that Jordan by looking and listening could have seen and heard the train approaching in time to have avoided the collision, and that appellee, by looking and listening might also have seen the train in time to have avoided the injury; and that, therefore, the complaint discloses that appellee was guilty of negligence which contributed to her injury, and is insufficient. Appellant's contention is without merit. It does not necessarily follow that because the driver of the automobile was negligent in not looking and listening for approaching trains the inference must be drawn that appellee, who was his guest, was guilty of like negligence, where it is also averred that appellee was, at the time, sitting in the back seat of the automobile; that it was nighttime; that appellant

had negligently failed to have an artificial light at the crossing as required by ordinance; that the noise of the automobile interfered with appellee's hearing the approaching train; and that because of such facts and circumstances she did not see nor hear the train, and was in fact wholly unconscious that the automobile was approaching a railway crossing. Under such circumstances, it cannot be said, as a matter of law, that appellee was guilty of negligence precluding a recovery. Whether appellee was guilty of contributory negligence was a question for the jury, under proper instructions. *Chicago, etc., R. Co.* v. *Fretz* (1909), 173 Ind. 519, 90 N. E. 76. Appellant does not claim that under the facts as averred in the complaint, the negligence of appellant must be imputed to appellee. The trial court did not err in overruling the demurrer to the complaint.

The jury returned the following verdict: "We, the jury, find for the plaintiff against both of the defendants, and assess her damages at $800, Lake Erie and Western R. Co. $700, John Jordan $100." Appellant moved for a *venire de novo,* on the ground that the verdict was defective in form in that it attempted to apportion plaintiff's recovery between the two defendants.

The jury had no authority to apportion the damages, for it is fundamental that in an action for damages against two or more joint wrong-doers, the judgment must be for a single sum against all defendants found to be responsible. *Everroad* v. *Gabbert* (1882), 83 Ind. 489. It is also well established that: "A verdict finding the whole issue, or the substance of it, is not vitiated, by finding *more.* For the finding of what was not in issue is but *surplusage."* Gould, Pleading (5th ed.) 486. It will be observed that the jury by its verdict found for plaintiff against both defendants, and assessed the damages at $800. If the jury had been content to stop there, no objection could

be made to the verdict.   Not being so content, the jury assumed to apportion the damages, and in so doing exceeded its jurisdiction, and found "more" than was involved in the issue.   Under the rule above cited, which is supported by the weight of judicial authority, that part of the verdict by which the jury attempted to apportion the damages must be treated as surplusage, and does not vitiate that which is necessary and well found. 27 R. C. L. 893; *Currier* v. *Swan* (1873), 63 Me. 323; *Pearson* v. *Arlington Dock Co.* (1920), 111 Wash. 14, 189 Pac. 559; *San Marcos Electric, etc., Co.* v. *Compton* (1908), 48 Tex. Civ. App. 586, 107 S. W. 1151; *San Antonio R. Co.* v. *Bowles* (1895), 88 Tex. 634, 32 S. W. 880; *Windham* v. *Williams* (1854), 27 Miss. 313; *Post* v. *Stockwell* (1885), 34 Hun (N. Y.) 373, 375; *Washington Market Co.* v. *Clagett* (1901), 19 App. D. C. 12.

The rules of law which govern in the consideration of a motion for judgment on the answers of a jury to interrogatories notwithstanding a general verdict to the contrary, are so familiar, and have been stated so often, that it is needless to repeat them here.   Nor would any good purpose be served by a discussion in this opinion of the ninety-two special findings of the jury, or any of them.   It is sufficient to say that we have examined with much care the interrogatories and answers, and find that the answers are not in irreconcilable conflict with the general verdict.

Interrogatory 84, with the jury's answer thereto, is as follows:   "Did the employes of the defendant company in charge of said locomotive blow the whistle on said locomotive as a crossing signal at a point 1000 feet east of Ohio avenue?"   Answer. "Doubtful."   Before the jury was discharged, appellant moved that the interrogatory be resubmitted with instructions to answer the same definitely and correctly, which motion was by the court overruled.   It is appar-

ent that if the jury had answered the interrogatory either in the affirmative or negative, as it should have been required to do, the answer would not have controlled the verdict. If the jury had answered in the affirmative, it might still have determined, under all of the evidence, considering the speed of the train, the character of the crossing, the failure to have a light burning, and the negligence of the towerman in lowering the gates upon the automobile without giving any signal, that a signal by the blowing of the whistle would not have been sufficient, even if given, to relieve appellant from the charge of negligence as averred in the complaint. The error could not have been harmful to appellant. *Indianapolis, etc., R. Co.* v. *Stout* (1876), 53 Ind. 143; *McCormick Harvesting, etc., Co.* v. *Gray* (1885), 100 Ind. 285.

There was no reversible error in the giving of instructions, nor in the refusal of the court to give the instructions tendered by appellant. The instructions when taken as a whole fairly state the law of the case.

The verdict is amply sustained by the evidence. Affirmed.