PEOPLES STATE BANK OF INDIANAPOLIS ET AL. *v.*
HALL ET AL.

[No. 11,766.   Filed July 1, 1925.]

1. APPEAL.—*Judgment for costs against a party, on verdict
against it, is final judgment.*—Judgment for costs against a
party, on verdict of jury against it, is a final judgment from
which appeal can be taken (*Neyens* v. *Flesher,* 39 Ind. App.
399, disapproved).   p. 388.

2. PLEADING.—*Waiver of defects in pleading by not pointing.
them out in memorandum with demurrer.*—The demurring
party waives any defects in the pleading demurred to that are
not mentioned in the memorandum accompanying the demurrer.
p. 389.

3. FRAUD.—*Party defrauded has choice of remedies, rescission
or damages.*—A party defrauded in the purchase of goods by
the false representations of the seller has a choice of remedies:
(1) He may, if he so desires, rescind the contract, in which
case, he must, in his action to rescind, aver and prove a return
of the property received by him, or an offer to return it, or
otherwise aver and prove that the property was of no value.
(2) He may stand by his contract and keep what he received,
and, in an action for damages, recover the damages resulting
from the fraud.   p. 389.

4. BILLS AND NOTES.—*Maker's charge of fraud in procurement
of notes sued on imposes on plaintiff burden of averring and
proving that he is holder in due course.*—In an action by an
indorsee of a negotiable instrument, the maker's plea of fraud
in procuring the instrument imposes on the plaintiff the burden
of averring and proving that he is a holder in due course.
p. 390.

5. FRAUD.—*Buyer of automobile truck which was misrepresented
held entitled to cancellation of notes for fraud of seller and
damages against the latter.*—In an action in replevin against
the buyer of an automobile truck, who paid cash for more than
the actual value of the truck, the condition and value having
been misrepresented, and gave his notes for the balance of the
purchase price, may, without rescinding the contract, file a
cross-complaint alleging such facts and the fraud in procuring
the notes and recover from the payee the damages sustained
by reason of the fraudulent representations and, as against the
indorsee who is not claimed to be a holder in due course, he may
have an order canceling the notes.   p. 390.

6. FRAUD.—*Measure of damages for fraud in the sale of goods.*
   —Damages for fraud in misrepresenting condition and value
   of goods purchased ordinarily is the difference between the
   actual value of the property purchased and its value if it had
   been as represented.   p. 390.

7. SALES.—*Assignee of conditional sale contract and notes for
   purchase-price who brings replevin for goods sold waives right
   to recover on purchase-money notes.*—The assignee of a con-
   ditional sale contract who brings suit for the possession of
   the articles sold waives his right to recover on the notes given
   for the purchase-price.   p. 390.

8. TRIAL.—*Statement in verdict concerning matter not in issue
   is surplusage, and does not vitiate remainder of verdict.*—A
   statement in a verdict concerning a matter not in issue is mere
   surplusage and does not vitiate that which was properly found
   in due form.   p. 391.

9. FRAUD.—*In action for damages for fraud in misrepresenting
   auto truck, evidence as to value of truck some time after pur-
   chase held competent.*—In an action of replevin for automobile
   truck, defendant having filed a cross-complaint alleging fraudu-
   lent representations as to condition and value of truck, evidence
   as to the value of the truck after having been driven a few
   miles and throughout the following winter kept in a garage
   unused was competent to go to the jury in determining its value
   at the time of sale.   p. 392.

10. SALES.—*Assignee of conditional sales contract and notes for
    purchase-price, not shown to be innocent purchaser for value,
    held to have no more rights than assignor.*—The assignee of
    conditional sales contract and notes given for the purchase-
    price, not shown to have been innocent purchaser for value,
    held to have no greater rights than his assignor, the vendor.
    p. 392.

11. DAMAGES.—*Remittitur held without authority of law.*—A re-
    mittitur of a certain amount of the verdict ordered by the
    court when it is impossible to determine what the jury acted
    upon in reaching the amount of its verdict, or how it arrived
    at the amount, there being no way of knowing the amount that
    should be remitted to correct an obvious error in the assess-
    ment of damages, is without authority of law.   p. 393.

12. REPLEVIN.—*Evidence tending to show plaintiff not entitled
    to possession admissible under general denial.*—In an action
    of replevin, any evidence that tends to show that the plaintiff
    is not entitled to possession is admissible under the general
    denial.   p. 394.

13. FRAUD.—*Measure of damages for fraud in sale of an arti-
    cle difference between actual value and value as represented,
    less amount of price unpaid.*—In an action for damages for

fraud in misrepresenting the condition and value of an article purchased, the measure of damages is the difference between the actual value of the property and its value had it been as represented, less the amount of the purchase-price remaining unpaid. p. 394.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by the Peoples State Bank of Indianapolis and another against Herbert H. Hall and others. From a judgment for defendants on their cross-complaint, the plaintiffs appeal. *Reversed.* By the court in banc.

*L. Roy Zapf, Chauncey W. Duncan* and *Owen S. Boling,* for appellants.

*Morgan & Ketcham* and *Douglass Morris,* for appellees.

NICHOLS, J.—Action by appellant bank in replevin against appellees to recover the possession of a certain motor truck. The complaint was in the usual form of complaints in such actions. Appellees answered in general denial and filed a cross-complaint against appellants seeking damages for alleged fraudulent representations made by the company (Cartinhour-Bowman Company), and alleging that the bank's right, whatever it might be, grew out of an assignment to it by the company of a series of notes and a contract of conditional sale of the truck involved executed by appellees at the time of the purchase thereof.

It appears by the pleadings as well as the proof that appellees had purchased from the company the truck in question under said conditional sale contract whereby title was to remain in the seller until the truck was paid for. A part of the purchase price, to wit $700, was paid in cash and the balance was evidenced by said series of notes, maturing at different times and aggregating $3,060. On these notes, $400 was paid before appellees discovered that the company had made false statements as to the condition of the truck. Upon such

discovery, they declined to make further payments. The contract provided that upon a default in the payment of any one of said notes, the remaining notes might be declared due and the seller might take immediate possession of the truck.

By the cross-complaint, appellees averred that the truck was worth but $1,000 and demanded damages for said alleged fraudulent representations made by the company to induce the sale, and that the outstanding notes be canceled. A demurrer to this cross-complaint was sustained as to the bank, and overruled as to the company. There was an answer in denial by the company. The cause was submitted to a jury for trial which returned the following verdict:

> "We the jury find for the defendants Herbert H. Hall and Russell Hall against the Peoples State Bank on its complaint. We further find for said defendants on their cross-complaint against the Cartinhour-Bowman Company and we assess their damages in the sum of $1,960.
> William E. Inlow, foreman.
> This judgment is to offset notes."

Each of the appellants filed a separate motion for a *venire de novo*, which motions were by the court overruled, and each of the appellants then filed their

1. separate motions for a new trial, which motions were overruled. Prior to the ruling on the motions for a new trial, the court announced that if appellees Hall and Hall would remit $1,860 of the verdict, it would overrule both motions for a new trial. The remittitur was filed, and the court overruled the motion, and rendered judgment that appellees recover of the company the sum of $100 and that they recover of both appellants their costs. Appellees contend that this judgment is not final as to the bank, and that the appeal should be dismissed, citing to sustain their contention, *Neyens* v. *Flesher* (1907), 39 Ind. App. 399, 79 N. E.

1087. But that case has been expressly disapproved by the Supreme Court in *Kelley* v. *Augsperger* (1908), 171 Ind. 155, 85 N. E. 1004. The action of the court in rendering judgment for costs against the bank on a verdict of the jury against it, finally disposed of the case as to the bank, and there was a right of appeal from such judgment.

Appellant bank assigns as error and presents the action of the court in overruling its motion for a *venire de novo*, and in overruling its motion for a new trial. The company separately assigns and presents the same errors, and, in addition thereto, error of the court in overruling its demurrer to the cross-complaint. It is first contended that the matter of such counterclaim is an entirely distinct cause of action, and not connected in any way with the matters stated in the complaint, and that, therefore, it cannot be pleaded as a counterclaim. But no such reason for sustaining the company's demurrers to the counterclaim is given in the memorandum thereto, and error is, therefore, waived as to such reason. We think, however, that it will appear from the discussion hereinafter that such an objection is not tenable. It will be observed that the counterclaim was against both appellants, and that the bank's demurrer thereto was sustained while the company's demurrer was overruled. It is averred in the counterclaim that the truck involved, had it been as represented by appellant company would have been of the value of $3,000, but that because of its worn and defective condition, it was not worth more than $1,000. Appellees, before they discovered the alleged fraud that had been practiced on them, had paid $1,100 on the purchase price of the truck. The prayer of their counterclaim asks that they be given a judgment for $3,000 damages against the company, and that the notes in the hands of the bank be canceled. Appellants contend

that there can be no rescission without a return or tender of the truck, and there is no averment to that effect. But we do not understand the counterclaim to be on the theory of rescission. Appellants to sustain their contention cite *Bright Nat. Bank* v. *Hanson* (1916), 68 Ind. App. 61, 113 N. E. 434. We quote from that case as follows: "Where one has been induced to purchase property by fraudulent representations of the seller, such purchaser has a choice of remedies: (1) He may, if he so desires, rescind the contract, in which case he must, in his action to rescind, aver and prove a return of the property received by him, or an offer to return it, or otherwise aver and prove that the property was of no value. (2) He may stand by his contract and keep what he received and in an action for damages recover the damages resulting from the fraud which, ordinarily, will be the difference between the actual value of the property as it was when received by the purchaser and what its value would have been if it had been as represented."

The fact in this case that appellees, in order that they might not be required to make further payment, prayed that the unpaid notes be surrendered and 4-7. canceled was not necessarily an election on their part to rescind the contract of sale. Under the averments of the counterclaim, and there was evidence to sustain them, appellees had already paid to appellants more than the value of the truck, and they may, therefore, affirm the contract and keep the truck without being required to make further compensation therefor to the company, or to pay the notes to the bank unless it was a holder in due course. Appellees having alleged fraud in the procurement of the notes, the burden was on appellant bank to aver and prove that it was a holder in due course. *First Nat. Bank* v. *Rupert*

(1912), 178 Ind. 669, 671, 100 N. E. 5, 42 L. R. A. (N. S.) 720, Ann. Cas. 1915C 172.

Appellees, under the averments of their counterclaim, and without answer and proof that the bank was an innocent holder of the notes, were entitled to have them surrendered and canceled without rescinding the contract. In reaching this conclusion, though no cross-error is assigned, we are constrained to hold that the counterclaim was good as against appellant bank's demurrer. They may also recover by the same counterclaim of the company damages which they had sustained by reason of the fraudulent representations made to them, such damages ordinarily to be measured by the difference between the actual value of the property and what its value would have been if it had been as represented. By its complaint in replevin, appellant bank seeks to retake the property under the conditional sales contract assigned to it. By electing this remedy, its right to receive payment of the notes was at an end. *McBryan* v. *Universal Elevator Co.* (1901), 130 Mich. 111, 89 N. W. 683, 97 Am. St. 453; *Minneapolis Harvester Works* v. *Hally* (1881), 27 Minn. 495, 8 N. E. 597; *Ratchford* v. *Cayuga, etc., Co.* (1916), 217 N. Y. 565, 112 N. E. 447, L. R. A. 1916E 615; *Kelley Springfield, etc., Co.* v. *Schlimme* (1908), 220 Pa. 413, 69 Atl. 467, 123 Am. St. 707. For this further reason, appellees were entitled to have the notes surrendered and canceled.

Appellants each contend that the verdict of the jury shows a defect on its face, and that therefore their respective motions for a *venire de novo* should have been sustained. The verdict, which is set out above, is regular on its face, and the statement thereon that: "This judgment is to offset the notes," being below the signature of the foreman is without

8.

force.    Even if such statement had been above the signature, it concerned a matter which is not in issue, and hence was mere surplusage and does not vitiate that which was properly found in due form.    The question here involved was decided against appellants' contention in *Lake Erie, etc., R. Co.* v. *Halleck* (1922), 78 Ind. App. 495, 136 N. E. 39, where there is a discussion of the principle, with authorities cited to sustain it.

Contending that the court erred in overruling the respective motions for a new trial, appellants say that there is no evidence as to value of the truck at 9. the time of the sale except that of one witness who testified that it was at that time worth $2,000.    But it appears by the evidence that the next day after the purchase of the truck, it had been sent to Milroy, that it stuck on a hill near Milroy and that it required twenty-five or thirty minutes to take it out on its own power, after which it was put in a garage at Milroy, where it remained until in April, and that they commenced working it on the road about April 15. There was evidence by witnesses who examined the truck at this time that it was of the value of $600 or $700.    With this evidence that the truck was not used from the time of its purchase until in April except to drive it to Milroy, and that during the time it was kept in a garage in that town, we cannot say that such evidence was incompetent to go to the jury to be considered in determining its value at the time of the sale.

Appellant bank contends with much earnestness that as it was the assignee of the contract of sale and of the notes evidencing the balance of the purchase 10. price, and that as, under the terms of the contract, the title was to remain in the seller or its assigns until the full purchase price was paid, therefore, it was the owner of the truck and entitled to the possession of the same.    But it not appearing that the

bank was an inocent purchaser for value, either of the contract or the notes in due course, its right therein and under the terms of the contract were not greater than the rights of the company. In discussing this principle above in ruling on the assigned error of the court in overruling the demurrer to the cross-complaint, we have already held that appellees, upon discovering the fraud, if any, that had been perpetrated upon them, had a right, without rescinding the contract, to keep the truck and sue for the damages that they had suffered by reason of the fraud.

But we are wholly unable to understand how the jury could have reached the conclusion as appears by its verdict that appellees had been damaged in the sum of $1,960. There is evidence that had the truck been as represented it would have been worth $3,000. It appears that the purchase price of the same was $3,346, of which amount, appellees have paid but $1,100. The evidence as to the value of the truck at the time of the sale is somewhat uncertain, but it appears that in April thereafter and under conditions above set out, it had a value of $600 or $700. Ordinarily, appellees' damages would be measured by the difference between the value of the truck at the time of the sale had it been as represented and its actual value, but here it appears that of the purchase price, appellees had refused to pay $2,246, contending that, because of the fraudulent representations, they were not liable therefor and the jury, in effect, by its verdict has so found. From this confusion of figures, we are unable to discern any basis upon which the jury could have reached such a verdict. Evidently, the court had the same difficulty, for, as a condition that it should overrule the respective motions for a new trial, it required a remittitur of $1,860. Just how it was able to determine that this was a proper amount to be remitted,

we do not know, as it is impossible to determine what the jury acted upon, or how it arrived at the amount of the verdict, or the amount that should be remitted to correct their error in the assessment of the amount of damages. Such a remittitur was without authority of law. *Nickey* v. *Zonker* (1899), 22 Ind. App. 211, 53 N. E. 478; *Evansville, etc., Traction Co.* v. *Broermann* (1907), 40 Ind. App. 47, 51, 80 N. E. 972. Under any view of the evidence, the verdict of the jury is excessive.

Discussing alleged errors in instruction No. 13 given by the court on its own motion, appellants say that such instruction is erroneous in so far as it under-

12, 13. takes to instruct the jury as to the element of fraud in the transaction, for the reason that evidence of fraud is not admissible under an answer of general denial and, therefore, there was no issue of fraud. But in this, appellants are in error. The complaint states a cause of action in replevin, a possessory action. Any evidence which tended to show that appellants were not entitled to the possession of the property involved, was admissible under the general denial. *Fruits* v. *Elmore* (1893), 8 Ind. App. 278, 34 N. E. 829; *Aultman & Co.* v. *Forgey* (1894), 10 Ind. App. 397, 36 N. E. 939; *Lane* v. *Sparks* (1881), 75 Ind. 278. We have already held that because of the fraud perpetrated, evidence of which the jury believed, appellees might, as they did, keep the property without rescinding the conflict, and sue for the damages which they had suffered by reason thereof. If appellees had a right to keep the property, such right defeated appellants' right to possession thereof. But we think that the instruction twice erroneously stated the measure of damages suffered because of the alleged fraud, as it seems to us, under the circumstances of this case, the damages if any, are to be measured by the difference between the real value of the property, and its value had it been as

represented, less the amount of that part of the purchase price which appellees had not paid.

We find.no substantial error in the giving of other instructions, and none in the admissibility of evidence. For error in giving instruction No. 13, and because the damages assessed by the jury were excessive, the judgment must be reversed. In the event of another trial, it may appear by the evidence that the value of the truck at the time of the sale was greater than the amount of money paid by appellees, in which event appellant bank would have a right to recover on its complaint.

The judgment is therefore reversed as to both appellants, with instruction to grant a new trial.

McMahan, J., dissents.