GENERAL MOTORS TRUCK COMPANY *v.* RUNKEL.

[No. 14,225. Filed February 24, 1932. Rehearing denied July 28, 1932.]

*Creighton H. Williams,* for appellant.
*Smith & Parrish,* for appellee.

LOCKYEAR, J.—This action was brought by the appellant, General Motors Truck Company, against the appellee, Grover C. Runkel, by a complaint in replevin, in the usual form, to recover the possession of a one and a half ton General Motors Company motor truck of which the defendant, according to the complaint, had possession unlawfully and without right and of which the plaintiff was the owner and to the immediate possession of which it was entitled.

An answer in general denial closed the issues in this action in replevin.

Defendant, appellee here, filed a cross-complaint, asking for damages for alleged fraud in the making of the contract for purchase of the truck. Demurrer for lack of facts was then filed to each paragraph of cross-complaint; which demurrer was overruled. Appellant filed

answer in general denial to each paragraph of cross-complaint.

Upon these different issues, the cause was submitted to a jury for trial. The jury brought in two separate verdicts, in one finding for the appellant that it was the owner and entitled to the possession of the motor truck, that appellee, defendant, unlawfully detained the same, and assessing appellant's damages at one cent. The other verdict found for appellee on his first paragraph of cross-complaint and assessed his damages at $746.33, of which amount the appellee offered to remit the sum of $55.13 claimed by appellee as the amount of interest awarded appellee in said verdict.

The court rendered judgment accordingly, and the errors relied upon for reversal are: The court erred in overruling the demurrer of this appellant to the first paragraph of appellee's cross-complaint, and that the court erred in overruling appellant's motion for a new trial.

The appellant based its right to possession upon a certain conditional-sales contract, by the terms of which title remained in the appellant until the truck was paid for.

The cross-complaint alleges that the appellee was induced to sign the contract in question by means of fraudulent representations, on the part of the appellant, upon which appellee relied, and was thereby induced to enter into said contract the facts constituting the fraud alleged in the cross-complaint.

The cross-complaint alleges the purchase price of the truck to be $2,185.33; that appellee delivered to appellant on said contract an old truck of the value of $233.85

| | |
|---|---|
| cash | 325.35 |
| and one payment | 108.55 |
| Total | $667.75 |

That the truck he received was only worth...$1,200.00

We thus have a case stated where the appellee retains possession of a truck which he claims to be worth $1,200.00 and has not offered to return the same to the appellant, and has defaulted in the payment of a certain monthly installment of $108.00, and asks for and is given a judgment for fraud against the appellant in the sum of $691.20, at the same time the appellant is given judgment for possession of the truck because of the default of the appellee in not paying the $108.00 installment on said truck.

Both parties rely upon the case of *Peoples State Bank* v. *Hall* (1925), 83 Ind. App. 385, 148 N. E. 486, which was a case where a truck had been sold for $3,000.00, where the proof showed it to be worth only $1,000.00, that the purchaser had paid $1,100.00 on the contract before he discovered the fraud. The purchaser in that case, as in the case at bar, elected to keep the truck, refused to pay more and sued to recover damages, which the court says, on page 390 of the opinion, is the difference between the actual value of the property as it was when received by the purchaser and what its value would have been as represented.

The difference between the case at bar and the case above cited is that the purchaser under the conditional-sales contract in the case before us had not paid the value of the property, while in the case cited the purchaser had done so.

It is clear that where the owner of the truck sold it on a conditional-sales contract, the purchaser, having been induced to enter into the contract on account of fraudulent representations, and having paid more than its value, can keep the truck; but in the instant case, the owner of the truck elects to take possession for the failure of the purchaser to make a monthly payment; this it has a right to do.

The contract of sale is not set out in appellant's brief

and unless the contrary is made to appear the appellant, by taking possession of the truck, rescinded the contract of sale and thereby forfeited all future payments, and the appellee had the right to recover in an action against the appellant for fraud that induced the appellee to enter into the contract. *Turk* v. *Carnahan et al.* (1900), 25 Ind. App. 125, 57 N. E. 729; *Quality Clothes Shop* v. *Keeney* (1914), 57 Ind. App. 500, 106 N. E. 541; *Peoples State Bank* v. *Hall, supra.*

The cross-complaint, to which a demurrer was addressed for want of facts, states that the appellant represented that the truck in question contained and was equipped with a two-ton rear axle and rear housing, when as in truth and in fact it was equipped with only a one and one-half ton rear axle and housing, which representations were false and fraudulent, and that appellee believed and relied upon said representations to his damage, etc.

The evidence is conflicting on the facts alleged in the cross-complaint.

The demurrer to the cross-complaint and the motion for a new trial were properly overruled.

We find no reversible error in the record.

We are informed that the appellee herein died on February 20, 1932. The judgment is therefore affirmed as of the date of submission.