MULLET ET AL. *v.* BLAINE, RECEIVER.

[No. 15,921. Filed October 25, 1938.]

*William J. Reed,* for appellants.

*Roy Sheneman* and *Henry M. Dowling,* for appellee.

DUDINE, C. J.—This was a suit in replevin brought by appellee to recover possession of ninety-one (91) chattels which had been mortgaged by appellants to the State Bank of Walkerton before its insolvency, to secure a promissory note executed by appellants to said bank.

The issues were presented by a complaint in two ·para-. graphs and an answer in general denial. No question is presented as to said pleadings and it would serve no good purpose to describe said pleadings except to say that each paragraph of complaint set out a list of the chattels of which appellee sought possession. The cause was submitted to a jury for trial and the jury found that appellee was entitled to possession of all the chattels included in said lists, and fixed the value of each of said chattels. The jury also found that appellants were entitled to possession of nine cows and a tractor plow. The court rendered judgment that appellee recover the chattels included in said list and adjudged the value thereof. The court ordered that upon the sheriff's failure to find any of said listed chattels within ten days, appellee should have and recover from appellants the value of such chattels not found by the sheriff, as fixed by the court.

Appellants filed a motion to modify the judgment, which motion was overruled.

Thereafter appellants filed a motion for new trial which was overruled. The errors assigned upon appeal are contended error in overruling said motion to modify the judgment and contended error in overruling the motion for new trial.

Appellants contend, in support of the assigned error in overruling the motion to modify the judgment, that the court should have rendered judgment for appellants "for the return of the nine cows and tractor plow." A sufficient answer to said contention is the fact that the motion to modify the judgment did not request the court to render such judgment. It would not have been reversible error, however, if said motion had requested such judgment because the question as to who was entitled to said nine cows and tractor plow was not within the issues. The references to them

.in the verdict were mere surplusage. It was proper for the court to disregard them in rendering judgment on the verdict. See *Peoples State Bank* v. *Hall* (1925), 83 Ind. App. 385, 148 N. E. 486.

In support of the cause for new trial set forth in the motion therefor, that the damages are excessive, appellants contend:

"The damages assessed by the jury are excessive for the reason that the jury returned a verdict fixing the value of each and every article of personal property listed in the mortgage and in the complaint. This should not have been done for the reason that all the property that were in the possession of the defendant at the time the demand was made and at the time suit was commenced were delivered to the plaintiff by a writ of replevin. The farm products had been consumed by the stock listed in the mortgage and complaint from two or three years before and the personal property not taken under the writ of replevin had been either sold or died."

Appellants' said contention is not tenable. The judgment provided that the sheriff should "retake into his possession all of the items of property heretofore under writ of replevin pending the cause, delivered by the sheriff unto the plaintiff, and re-deliver such items as were so taken and described in this judgment, to the plaintiff *in satisfaction of this judgment, in so far as such items were so taken by the sheriff*." (Our italics.) That order clearly provides that appellants be given credit on the judgment for the value of all of said chattels originally taken by the sheriff under writ of replevin and delivered to appellee. The judgment contained other language which clearly indicated that appellants should be given credit on the judgment to that extent.

Appellants state several other "points" but none of them are supported by any reasoning and no application is made of any said points to the

instant case. We therefore deem said points as waived.

No reversible error having been shown, the judgment is affirmed.