WARREN COMPANY, INC., *v.* EXODUS.

[No. 17,206.   Filed May 15, 1944.]

[For opinion continuing final action on appeal, see *ante,* p. 563.]

*Morris D. Feldman,* of South Bend, for appellant.

*Leo J. Lamberson* and *Theodore G. Wood,* both of South Bend, for appellee.

CRUMPACKER, C. J.—The appellant, a corporation organized and existing under and by virtue of the laws of the State of Georgia, brought this suit in the St. Joseph Superior Court to replevy an electric refrigerator, of which it claimed to be the owner and entitled to

immediate possession. The appellee filed a cross-complaint to recover damages for an alleged breach of warranty as to the condition and performance of said refrigerator which he had purchased from the appellant on a conditional sale contract. Issues were joined on both pleadings and submitted to the court for trial without the intervention of a jury. The court found against the appellant on its complaint and for the appellee on his cross-complaint in the sum of $420. Over the appellant's motion for a new trial judgment on the above findings was entered and the appellant appealed, assigning as error the overruling of its motion for a new trial wherein it is charged that the decision of the court is not sustained by sufficient evidence and is contrary to law.

As to that portion of the judgment wherein it is ordered "that the plaintiff have and take nothing of and from the defendant by reason of the allegations set forth in the plaintiff's complaint," the assignment that "the decision of the court is not sustained by sufficient evidence" presents no question. In that respect the judgment is purely negative, and it has been repeatedly held in this State that such a judgment may not be attacked on the grounds that there is a lack of evidence to support the decision upon which it rests. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. ___, 51 N. E. (2d) 474; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905; *Scoopmire* v. *Taflinger* (1944), ante, p. 419, 52 N. E. (2d) 728. However, a purely negative judgment may be contrary to law when, in its general scope and meaning, it is contrary to the principles of law applicable to the case and not merely defective in some particular. *Anderson* v. *Donnell* (1879), 66 Ind. 150, 160; *Candy, Administrator* v. *Hanmore* (1881), 76 Ind. 125, 128;

*Eward* v. *Eward* (1920), 72 Ind. App. 638, 125 N. E. 468. Neither the briefs of counsel nor the record itself clearly indicate upon what theory of law the court found against the appellant on its complaint. The action is in replevin, the appellant claiming to be the owner and entitled to the immediate possession of a certain electric refrigerator which the appellee wrongfully refuses to surrender. It is not only undisputed but affirmatively admitted by the appellee that he purchased the chattel in controversy from the appellant on a written conditional sale contract whereby a portion of the purchase price was paid upon the execution of said contract and the balance was to be paid in equal monthly installments. Title and ownership of said refrigerator was to remain in the appellant until the full purchase price had been paid and, in default of any payment, the said chattel was to be returned to the appellant on demand and all payments theretofore made retained by said appellant as liquidated damages. With an unpaid balance of $376.74 the appellee refused to make further payments. Demand for the possession of the refrigerator was made by the appellant, possession refused by the appellee, and this suit instituted. A writ of replevin was issued to the Sheriff of St. Joseph County who removed the refrigerator from the appellee's premises and, we conclude from an examination of the record, the appellee failed to post bond for its return *pendente lite,* as provided by statute, and it was thereupon delivered to the appellant upon its filing the required bond. As the trial progressed the only controversy that developed between the parties was over the issues joined on the appellee's cross-complaint which sought damages for an alleged breach of warranty as to the condition and performance of the refrigerator, upon which issues the court found for the appellee in the sum of $420.

On such state of the record it seems to us that the court was bound as a matter of law to find for the appellant on its complaint. There is nothing in the contract between the parties that is repugnant to the law of Indiana. The appellant was the owner of the property in suit and a factual situation had developed that entitled it to the immediate possession thereof. Demand therefor was made and refused and a finding denying the appellant's ownership and right of possession seems to us clearly contrary to the principles of law applicable to such a state of facts. As the matter now stands the appellant is liable for the return of the refrigerator to the appellee, or for the payment of its value when taken by the sheriff, notwithstanding the fact that the appellee is not the owner thereof and has not paid for the same and refuses to do so contrary to the terms of his contract.

In a case very similar to this the plaintiff sued for the possession of a motor truck and based his right thereto upon a certain conditional sale contract by the terms of which title remained in the plaintiff until the truck was paid for. The defendant filed a cross-complaint alleging fraud and misrepresentation in the execution of the contract and seeking damages resulting therefrom. The court held that the vendor had the right to elect to take possession of said motor truck for the failure of the purchaser to make the monthly payments required by the contract, but in doing so he rescinded the contract of sale and thereby forfeited all future payments and the purchaser had the right to recover on his cross-complaint. Judgment below was for the plaintiff on his complaint and for the defendant on his cross-complaint, which judgment was affirmed on appeal. *General Motor Trucks Co.* v. *Runkel* (1932), 95 Ind. App. 15, 179 N. E. 789.

It may seem that our holding herein is at odds with this court's decision in the case of *Peoples State Bank* v. *Hall* (1925), 83 Ind. App. 385, 148 N. E. 486, wherein the purchaser of a motor truck on a conditional sale contract was permitted to keep the same notwithstanding his default in monthly payments and also to recover damages for fraud. In that case, however, the truck was sold for $3,000 and the proof showed it to have been worth only $1,000 when sold, and the purchaser had paid $1,100 on the contract before he discovered the fraud. The action was to recover the difference between the actual value of the property as it was when received by the purchaser and what its value would have been as represented. We have no such issue in the case at bar as here the appellee sought and recovered special damages in the nature of losses resulting from the failure of the refrigerator in question to serve the purpose for which it was intended. There is no evidence as to its actual value at the time it was delivered to the appellee, and he asserted no claim of ownership on the theory that he had paid all the refrigerator was worth. We realize the effect of a breach of warranty upon the right of a vendor to recover possession of property sold on a conditional sale contract, is clouded by many apparently conflicting decisions in other jurisdictions. In 47 Am. Jur. 95, § 888, we find the following statement: "The true rule would seem to be that the vendor's right to recover possession of the property for failure of the vendee to make payment therefor is not barred by his breach of warranty, but the vendee may assert against such right certain rights of his own arising out of the breach of warranty . . . If the vendee does not rescind the contract, but claims damages for the breach of warranty, he is entitled to refuse to make payments to the extent of his damage,

and will not be in default for so doing. If the damages equal or exceed the amount unpaid upon the contract, the vendor may not recover possession of the property, but if the damages are less than the sum of the payments refused, the vendor may recover." See 48 A. L. R. 970, 971, 973 *et seq.*, 130 A. L. R. 757 *et seq.* As far as we have been able to determine this rule has never been followed in Indiana, and we see no reason to depart from the holding in *General Motor Trucks Co. v. Runkel, supra.*

The appellee seeks to justify the court's decision against the appellant on its complaint on the theory that said appellant is a Georgia corporation and has never been licensed to do business in the State of Indiana and therefore it had no standing in court under the provisions of § 25-314, Burns' 1933, § 4972, Baldwin's 1934. This statute, however, merely suspends the right of a foreign corporation to maintain actions in this State until its provisions have been complied with, *Peter & Burghard Stone Co. v. Carper* (1930), 96 Ind. App. 554, 172 N. E. 319, and a failure to comply therewith must be raised by plea in abatement and not in bar. *Pittsburgh, etc., R. Co. v. German Ins. Co.* (1909), 44 Ind. App. 268, 87 N. E. 995. The record of the present case discloses that the appellee filed a plea in abatement alleging non-compliance with the above statute, and a demurrer thereto was sustained on the theory that the transactions involved in this suit did not constitute doing business within the State as the word "business" is used in said statute and no cross error has been assigned to such ruling.

We find ample evidence in the record to sustain the court's decision on the appellee's cross-complaint but

the contention that such decision is contrary to law presents a more difficult question. It is vigorously asserted by the appellant that the conditional sale contract, for the breach of which the appellee seeks damages, contains no warranty of and kind, and that a supplemental agreement between the parties limits the appellant's warranty to the replacement of defective parts when the same are returned to it and expressly excludes responsibility for the lack of fitness or non-performance of the refrigerator. The contract in reference to warranty having thus been reduced to writing, the appellant insists, no recovery can be had on any other basis. We think the rule to be that implied warranties of quality and fitness inhere in a conditional sale contract unless they are specifically negatived or excluded. *Michigan Pipe Co.* v. *Sullivan County Water Co.* (1920), 190 Ind. 14, 127 N. E. 768; *Carmichael* v. *Lavengood* (1942), 112 Ind. App. 144, 44 N. E. (2d) 177. It is also true that, when a written contract of warranty is made, oral and implied warranties are merged therein. *Interstate Motor Frt. System* v. *Gas. Eq. Co.* (1940), 107 Ind. App. 494, 24 N. E. (2d) 418. Applying these rules to the case at bar it is apparent that the appellee was entitled to recover for the breach of an implied warranty as to the quality and fitness of the refrigerator in suit unless the so-called supplemental agreement is such a contract as merges the implied warranties therein. We hold that it is not. The document in its entirety is as follows:

"This is to certify that I have purchased from THE WARREN COMPANY one Model 300 Display Case with mechanical unit attached and said purchase is without mechanical service by the COMPANY.
"This also certifies that I, or We, have contracted with Gill Refrigeration Co. for one year's service

on said equipment and hereby accept the manufacturer's guarantee on mechanical defects, same to be replaced F. O. B. manufacturer's factory when defective parts are returned prepaid.

"It is further agreed that the WARREN COMPANY is not responsible for the operation of said unit or the fulfillment of said contract by the contracting serviceman. (All belt replacements at purchaser's expense.)

"Signed in triplicate this 17th day of January, 1941.

"Witness: *Geo. W. Minzley*       *Angelo Exodus*
Purchaser."

This paper was executed by the appellee weeks after the deal for the refrigerator was consummated and at the time of its execution said appellee had the benefit of the warranties the law reads into his contract for the purchase thereof. Such benefits were not lost to him through the execution of an instrument that neither purports a consideration nor in fact was supported by one. The appellant calls our attention to the rule that the consideration for a contract need not be tangible but may consist of a legal benefit to the promisor or a legal detriment to the promisee. We fail to see the applicability of that principle of the law to the facts before us. The effect of the instrument in question, if given force, would be to limit the appellant's liability on its implied warranties and therefore it would operate as a detriment to the promisor and a benefit to the promisee, which is quite the reverse of the principle upon which the appellant relies.

The judgment as far as it pertains to the issues joined on the appellee's cross-complaint is affirmed. As it pertains to the issues joined on the appellant's complaint said judgment is reversed with instructions

to enter a finding for the plaintiff on its complaint and and judgment for possession of the chattel in suit.

NOTE.—Reported in 54 N. E. (2d) 775.