INDIANA ET AL. *v.* CITY OF INDIANAPOLIS, ETC.

[No. 967A72. Filed October 14, 1969, after being re-assigned to the Appellate Court on September 5, 1968 by the Supreme Court.]

*Ruckelshaus, Bobbitt & O'Connor,* of Indianapolis, for appellants.

*John W. Tranberg,* of Indianapolis, for appellees.

CARSON, J.—The appeal in this action was originally filed under the title of, In the Matter of the Proposed Sanitary Sewer, Between East 77th Street, East 81st Street, North Graham Road and Old Allisonville Road.

The appellees filed a motion to dismiss, setting up several grounds, one of which was that the appellants had not complied with the provisions of Rule 2-6 of the Rules of the Supreme Court of Indiana in that the assignment of errors

did not name the parties, appellant, or the parties, appellee. This court sustained the motion to dismiss.

The appellants then filed a petition to transfer the ruling of this court to the Supreme Court of Indiana. The Supreme Court granted the transfer, and in an opinion, written by Judge Lewis, ordered the appeal reinstated in the Appellate Court and that the petitioners be given an opportunity to amend their petition in order to conform to Rule 2-6. The Supreme Court, in applying the rule stated:

"The rule does not dispense with the necessity of naming parties, but under the proper circumstances this defect may be cured by amendment, even after the time has expired to perfect an appeal, if it falls within the doctrine as stated in *Haney* v. *Denny (supra)*."

The full opinion of the Supreme Court appears in 15 Ind. Dec. 260, 239 N. E. 2d 702.

The Board of Sanitary Commissioners will hereinafter be referred to as the Board and the Circuit Court of Marion County will hereinafter be referred to as the Court.

Pursuant to the Acts of 1931, ch. 117, § 12, being Burns' 48-4012, the resolution of the Board was filed in the Court. The appellants herein filed an answer contesting the cost estimate pertaining to the abutting property owners, and further alleged that the Board had not made a finding that there was a benefit to the City of Indianapolis. The answer further alleged that the allocation was contrary to law.

The Court heard evidence and on March 21, 1967, made an entry ordering the Board to pay twenty percent of the construction costs, and that Marion County pay twenty percent of the construction costs and that the remaining sixty percent should be paid by the abutting property owners. The pertinent part of the statute, Burns' 48-4012, *supra*, reads as follows:

"At such hearing any property owners within the boundaries of said district and such county commissioners may

file an answer showing any reasons why said improvement should not be made or that affect the validity of the proceedings, or that affect in any manner the aforesaid division of the aggregate cost, *and upon such issue the court shall hear evidence and determine all such facts.* If the court shall determine that such improvement or work should be made substantially as proposed by the said proceedings, then the court may affirm the action of the board and enter judgment accordingly; otherwise, the court may either modify the proceedings in whatever respects it deems just and proper as between all the parties thereto and remand the same to the board, with leave to conform the same and proceed as ordered by the court, or to discontinue and rescind all action, as the board may elect; or the court may dismiss the proceedings: Provided, That if said city and county have not then agreed upon the division of the part of such cost to be borne severally by them, then the court shall also determine and adjudge such respective division of cost." (Our emphasis.)

Following the first entry, the court on its own motion set aside and voided said entry and took the matter under advisement. On the 25th of May, 1967, the petition of the Board was approved by a judgment which reads as follows:

"Court being duly advised, now approves P.I.R. 108 in tato (sic), and orders said sewer constructed as set out."

Appellants then filed a motion for a new trial which reads as follows:

### "MOTION FOR NEW TRIAL

"Certain of the property owners of the district, herein, who filed their answer to the petition of the City of Indianapolis, by and through their attorney, William D. Ruckelshaus, hereby move this Court for a new trial on the following grounds:

"1. The finding of the court is contary to law.

"2. The finding of the court is not sustained by sufficient evidence.

"3. The court erred in not ordering the County of Marion to contribute a portion of the costs of the construction of the sewers when the facts clearly indicated that the county, acting through the Health and Hospital Corporation was

partially to blame for the property owners of the district being forced to make extra expenditures for the construction of sewers, because when the Health and Hospital Corporation approved the use of septic tanks in the district they knew, or in the reasonable exercise of care should have known, that septic tanks were inadequate to handle the household wastes of the people in the district.

"WHEREFORE, petitioners pray the court for a new trial of said cause.

> "William D. Ruckelshaus
> Attorney for Certain Property Owners
> within the Boundaries of said District

### "MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL

"For purposes of this argument both specifications in the Motion for New Trial will be grouped under this one heading. It is the position of certain property owners within the proposed sewer district, hereinafter called remonstrators, that under Indiana Acts 1931, Ch. 117, Sec. 12 as found in Burns' 48-4012, and acts supplemental and amendatory thereto, that the City of Indianapolis must contribute a portion of the costs of the construction of any sewer system when that system is constructed pursuant to resolution of the Board of Sanitary Commissioners and such system is outside the corporate city limits, and the sewers are to be paid from an assessment against all benefited property owners."

The sole assignment of error is that the trial court erred in overruling the motion for a new trial.

The specification in the motion for a new trial that the finding of the court is contrary to law embodies all the questions which we need to consider in disposition of this case.

The appellants have furnished this court with a sufficient summary of the evidence so that we may consider the error assigned and argued in the appellants' brief.

At this point, we call attention to the fact that all of the proceedings of both the Board and the Court are governed by statute, Burns' 48-4012, *supra*. We must therefore look to the language of the statute in order to determine whether or not

the action of the Board, and the action of the Court in confirming the action of the Board, were proper within the terms of the statute and supported by the evidence before the Board and the Court.

An examination of Burns' statute, *supra,* discloses that the duty of the trial court is in reality a trial *de novo* by the court without a jury.

The record does not disclose that any special findings of fact or conclusions of law were made by the trial court within provisions of Supreme Court Rule 1-7B. Under the provisions of Rule 2-30, Rules of the Supreme Court of Indiana where there is no finding on a material issue of fact, this court has the right to:

> "[E]ither affirm the judgment if it is supported by undisputed evidence, or vacate the judgment and remand the action for findings on the material issues of fact."

It is apparent from the record in this case that neither party requested special findings of fact and conclusions of law. Substantially the same situation existed except that a belated motion was made in the case of *In re Annexation etc.* v. *City of Anderson* (1963), 135 Ind. App. 92, 190 N. E. 2d 428. In that case, this court in discussing the matter said, at page 100:

> "[W]hile as a matter of good practice it would seem highly desirable for the court to file its special findings of fact and conclusions of law in a situation such as this, . . ."

We think that in view of the pertinent part of the statute Burns' 48-4012, *supra,* and particularly that part which we have underlined made it incumbent upon the court to file special findings of fact and conclusions of law. In examining the entire statute, which we must do, we conclude that this is the only logical construction that can be placed upon the statute and that an intelligent review of this case can not be made by this court without such special findings and conclusions of law in the record. We recognize that

we cannot judicially legislate but we can interpret what we consider to be the plain words of the statute. *Meade Electric Company, Inc. Etc.* v. *Hagberg etc.* (1959), 129 Ind. App. 631, 159 N. E. 2d 408.

We also call attention to the case of *State ex rel. Glenn* v. *Smith, Trustee, et al.* (1949), 227 Ind. 599, at page 605, 87 N. E. 2d 813, where Judge Emmert, quoting from *State ex rel. Clark* v. *Haworth* (1890), 122 Ind. 462, 23 N. E. 946, said:

> " 'It is not necessary that a statute should, in direct terms, declare the duty of an officer in order to make it an imperative one. The duty may be deduced from the general provisions and scope of the statute, regard being had to the evil intended to be remedied, and the object sought to be accomplished.' "

We conclude that the judgment of the trial court was contrary to law for the reason that its general scope and meaning is contrary to the principles of law applicable to the case.

*Gaines* v. *Taylor* (1933), 96 Ind. App. 378, 185 N. E. 297; and *Warren Company, Inc.* v. *Exodus* (1944), 114 Ind. App. 651, 54 N. E. 2d 775.

Therefore, this cause is remanded to the Marion Circuit Court for findings by the trial court on the material issues of the fact and that the court state its conclusions of law thereon. Such findings and conclusions of law should be filed with this court within sixty days from the date of the filing of this opinion with the Clerk of the Supreme and Appellate Courts.

Upon the filing of such findings this cause will stand for determination on the merits here, without further briefing unless opportunity to do so is requested by the parties.

Cause remanded with instructions.

Lowdermilk, P.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 482.