AMERICAN HOME PRODUCTS CORPORATION *v.*
DOROTHY B. VANCE.

[No. 2-476A169. Filed July 26, 1977. Rehearing denied August 22, 1977. Transfer denied November 7, 1977.]

*James R. Fisher, G. Daniel Kelley, Jr., Ice Miller Donadio & Ryan,* of Indianapolis, for appellant.

*Charles W. Ardery, Jr., Payne, Ardery, Weiland & Wright,* of Indianapolis, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

Defendant-appellant, American Home Products Corporation (Corporation), perfected this interlocutory appeal[1] following the denial by the trial court of its motion to enter a judgment upon a verdict returned by the jury in its favor.

## FACTS

The facts necessary for our disposition of this appeal are as follows: Plaintiff-appellee, Dorothy B. Vance (Dorothy), commenced this action by filing her complaint against Corporation averring generally that one of its products, Easy-Off Oven Cleaner, was defective in that the product failed to adequately warn users of its potential hazards. Dorothy suffered her injuries while cleaning two ovens with Easy-Off while in the employ of Marsh Supermarkets.

---

1. Ind. Rules of Procedure, Appellate Rule 4(B)(5).

On February 25, 1976, the jury returned its verdict form, which omitting caption and other formal parts, provided as follows:

"VERDICT

We, the Jury, find for the defendant.

/s/ Eva C. Lepscum

FOREMAN

Dated: 2-25-76

With the stipulation that a third party was contributingly (sic) negligent, namely Marsh Supermarket."[2]

When the jury returned to open court with this verdict the trial court, rather than preparing and signing a judgment to be entered by the clerk, sent the jury back for further deliberations with instructions to return a verdict in proper form. Shortly thereafter, the trial court explained to counsel for both sides the language[3] which it thought made the verdict objectionable. After the jury had left the courtroom Dorothy moved for a mistrial on the ground that the verdict of the jury was inconsistent. Dorothy's motion was granted. Thereafter, on March 1, 1976, Corporation filed a motion requesting the trial court to enter judgment on the jury's verdict of February 25, 1976, which motion was denied.

## ISSUE

1. Whether the trial court erred by failing to prepare a judgment to be entered by the clerk upon the verdict returned by the jury on February 25, 1976.

## DISCUSSION AND DECISION

Ind. Rules of Procedure, Trial Rule 58, provides as follows:

---

2. The language which appears below the date of the verdict was written by one of the members of the jury.

3. The language which the trial court found to be objectionable was the handwritten comment made by one of the jurors below the jury foreman's signature and date as set out above.

## "ENTRY OF JUDGMENT

Subject to the provisions of Rule 54(B), upon a general verdict of a jury, or upon a decision announced, *the court shall promptly prepare and sign the judgment,* and the clerk shall thereupon enter it. A judgment may be set forth on a separate document. Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course. The judge failing promptly to cause judgment to be prepared, signed and entered as provided herein may be compelled to do so by mandate." (Our emphasis)

This rule imposes upon the trial court judge a mandatory duty, except in certain special situations, to promptly prepare and sign the judgment for entry by the clerk once the jury has returned a general verdict in proper form. Also, as Dorothy contends in her brief, this rule presupposes that the jury has returned a general verdict which is not in some manner defective. If the verdict was defective then the trial court would be operating well within its discretionary limits in sending the jury back for further deliberations and mandating it to return a verdict in proper form, and further, such conduct would not be offensive to TR. 58. Therefore, the central issue which is before this court for resolution can be stated as follows: "Was the verdict returned by the jury on February 25, 1976, defective."

It is the opinion of this court that the verdict returned by the jury on February 25, 1976, was not defective and the trial court erred in not preparing and signing a judgment for entry by the clerk pursuant to TR. 58.

The case of *People's State Bank of Indianapolis* v. *Hall* (1925), 148 N.E. 486, 488, 83 Ind. App. 385, answers the question we have before us at pp. 391-92 as follows:

"Appellants each contend that the verdict of the jury shows a defect on its face, and that therefore their respective motions for a venire de novo should have been sustained. The verdict, which is set out above, is regular on its face, and the statement thereon that 'this judgment is to

offset the notes,' being below the signature of the foreman, is without force. Even if such statement had been above the signature, it concerned a matter which is, not in issue, and hence was mere surplusage, and does not vitiate that which was properly found in due form. The question here involved was decided against appellants' contention in Lake Erie, etc., R. Co. v. Halleck, 78 Ind. App. 495, 136 N.E. 39, where there is a discussion of the principle with authorities cited to sustain it."

In the case at bar, as was true in *Hall, supra,* the written comments made by a member of the jury did not render the verdict defective for two reasons. First, the remark of which Dorothy complains is to be found below the signature of the jury foreman and is therefore without force. Second, the remark refers to the liability of Marsh Supermarkets, a non-party to this lawsuit; therefore, the remark concerned a matter which was not at issue in this lawsuit and should have been regarded as surplusage.

Dorothy contends that Corporation has waived any error which may have been occasioned by the trial court not accepting the jury's verdict of February 25, 1976, by its failure to make a timely objection to the action taken by the court.

This court is of the opinion that no useful purpose could be served by belaboring this opinion with a lengthy discussion of Dorothy's waiver contentions. Suffice it to say Corporation did file on the morning of the first working day following the conclusion of the trial a motion requesting that judgment be entered on the verdict of February 25, 1976; and, we are of the opinion that Corporation's assignment of error has been adequately preserved for our review.

In accordance with what has been said in this opinion, we now remand this case to the trial court with instructions to have prepared and signed a judgment for entry by the clerk upon the jury's verdict for Corporation pursuit to TR. 58.

Remanded with instructions.

Robertson, C.J. and Buchanan, P.J., by designation, concur.

NOTE.—Reported at 365 N.E.2d 780.