SYRACUSE CABINET COMPANY *v.* LEEDY.

[No. 13,567. Filed July 3, 1929.]

*L. A. Krebs* and *Charles Unger*, for appellant.
*Plummer & Plummer*, for appellee.

McMahan, C. J.—Appeal from an award by the Industrial Board. Appellee received a compensable injury June 29, 1928. July 19, 1928, the parties entered into an agreement, by the terms of which, the employer agreed to pay compensation "at the rate of $12.10 per week during total disability, not exceeding 200 weeks, beginning June 29, 1928," and the reasonable surgical, medical, and hospital expense for the first thirty days after the injury. This agreement was approved by the Industrial Board, and the employee and employer having

disagreed relative to the continuance of payments, the appellee filed his application for a review of the award on account of a change of condition.

The facts as found by the Board are, in substance: That appellee was in the employ of the appellant on June 29, 1928, at an average weekly wage of $22; that, on said day, he received an accidental injury which arose out of and in the course of his employment, of which defendant had knowledge and furnished medical attention; as a result of said injury, he suffered the loss by amputation at the metacarpal phalangeal joints of the thumb, index finger, middle finger and the ring finger, and all of the little finger, except a small part of the proximal joint of his hand; twenty-eight years prior to the accident of June, 1928, appellee sustained an accidental injury that resulted in the amputation of the first joint of the thumb, the first joint of the index finger and the first joint of the middle finger; and that, prior to the accidental injury of June 29, 1928, such hand was an "industrially useful hand."

The Board awarded 200 weeks compensation at the rate of $12.10 a week, credit to be given for all compensation theretofore paid.

Appellant contends the award is contrary to law, and is not sustained by sufficient evidence, and says the evidence shows appellee had sustained a prior injury to his hand for which it cannot in any wise be responsible, and for which it cannot be called upon to pay damages by way of compensation, because the evidence shows he received an injury to his hand twenty-eight years before, while in the employ of one other than appellant, and in which he lost "one-half" of the thumb and "one-half" of the index finger. Appellant calls attention to that portion of subdivision (a), §31, of the Workman's Compensation Law, Acts 1919 p. 158, §9476 Burns 1926, which provides that the loss of more than one phalange

of a thumb shall be considered the loss of the entire thumb, and the loss of more than two phalanges of a finger shall be considered as the loss of the entire finger, and argues that appellee having, prior to the accident for which appellant is liable, had his hand impaired so as to entitle him to sixty weeks compensation for loss of a thumb and forty weeks for the loss of the index finger, and thirty-five weeks for the loss of the middle finger, or a total of 135 weeks, he is entitled to only sixty-five weeks compensation for the injury for which appellant is liable.

Section 31, *supra*, provides that, for the injuries therein named, the employee shall receive in lieu of all other compensation fifty-five per cent of his average weekly wages for the periods stated. For the loss of the hand by separation below the elbow, the employee is entitled to 200 weeks compensation, and the loss of the use of the hand is equivalent to loss by separation.

Section 33 of the Workman's Compensation Law, Acts 1915 p. 392, §9478 Burns 1926, is as follows: "If an employee has sustained a permanent injury in another employment than that in which he received a subsequent permanent injury by accident, such as specified in §31, he shall be entitled to compensation for the subsequent injury in the same amount as if the previous injury had not occurred."

Prior to the last injury, appellee's hand was an industrially useful hand. As a result of his last injury, the whole of his hand, for all practical purposes, was lost by amputation, for which 200 weeks compensation was awarded. Section 33, *supra*, expressly, and in no uncertain language, provides that if an employee has previously sustained "a permanent injury in another employment than that in which he received a subsequent permanent injury by accident," then and in that case, such injured employee shall receive

compensation "for the subsequent injury in the same amount as if the previous injury had not occurred." As was said in *Calumet Foundry & Machine Co.* v. *Mroz* (1923), 80 Ind. App. 619, 141 N. E. 883: "The language of §33, is clear and unambiguous, and must be held to mean what it plainly expresses. There is no room for construction." See *Cheney* v. *State, ex rel.* (1905), 165 Ind. 121, 74 N. E. 892. Appellant cites *Calumet Foundry & Machine Co.* v. *Mroz, supra,* in support of its contention that "appellant cannot be compelled to pay compensation to appellee for an injury received while working for some one else," referring, of course, to the former injury. The Mroz case was, however, for the loss of the sight of one eye, the sight of the other eye having been lost years previous to the injury of which complaint was made. In that case, the plaintiff did not, by his last injury, lose the sight of two eyes nor did he lose any part of a member which had been injured in a former accident. In the instant case, appellee, prior to the last injury, had an "industrially useful hand," and the last injury rendered it entirely useless.

It is contended that the award is not sustained by sufficient evidence, because "there is no evidence that appellee lost the entire hand in the last accident or that the remaining part of the hand is of no industrial value." This contention cannot prevail. One witness, a licensed physician, called on behalf of appellant, testified that, after this last accident, the impairment to the hand was almost 100 per cent, while appellee testified that the accident rendered the hand totally useless.

It will be observed that there is nothing in the finding of the board which compels the inference that the usefulness of the injured hand had been materially affected by the former injury. The board specifically found that, prior to the last injury, the

hand in question was an "industrially useful hand." In so far as any objection made by appellant is concerned, the finding is sustained by the evidence. The hand consists of the palm, the thumb, and the fingers in combination; and we know that when the thumb and all of the fingers of a hand are lost by amputation, the prehensile quality is destroyed, and that the hand cannot thereafter be used for grasping or holding, that being its main function. We will, therefore, take judicial notice of the fact that when a person has lost the use of the thumb and all of the fingers of a hand, that he has, for all practical purposes, lost the use of such hand. If there had been a finding that appellee had lost twenty-five per cent or fifty per cent of the use of the hand as a result of the former injury, there might be some force in an argument that such loss should be taken into consideration in determining the amount of compensation to be awarded, or the period during which compensation should be paid because of the last injury. But, with such a finding, it might also be argued that such former loss was considered in fixing the wages and that the wages were reduced because of the partial loss of the use of the hand, and, having been taken into consideration in fixing the wages, it should not be again used for the purpose of lessening the number of weeks during which compensation should be paid. If there were any material loss of the use of the hand as a result of the first injury, it will be presumed that such loss was taken into consideration in fixing his wages, and it would not be treating appellee fairly also to reduce the period of compensation, thus diminishing his compensation at both ends. *American, etc., Ins. Co.* v. *Brok* (1926), 35 Ga. App. 772, 135 S. E. 103.

The Supreme Court of Illinois, in a case where there had been a prior injury to a hand, said: "Though the defendant in error had previously lost a part of one

finger he had the use of his hand, with a capacity somewhat reduced by reason of the defect. The fact that his hand was not perfect did not render its loss any less complete. As the result of his injury he has totally lost the use of the hand, which he previously had, and under the statute he is entitled to compensation for that loss. . . . The fact that he might have recovered for the first injury did not reduce the amount of compensation to which he is entitled for the loss of the use of his hand." *Mark Mfg. Co.* v. *Industrial Commission* (1919), 286 Ill. 620, 122 N. E. 84.

Prior to the last injury, appellee had the use of his hand. As a result of that injury, he lost the use of the hand, and, under the statute, he is entitled to compensation for the loss of that use.

Award affirmed