## EDWARD LEHMAN v. JULIUS A. SCHMAHL.[1]

February 21, 1930.

No. 27,681.

[1]Reported in 229 N. W. 553.

*G. A. Youngquist,* Attorney General, and *Hayner N. Larson,* for relator.

*Hugo V. Koch,* for respondent.

TAYLOR, C.

Certiorari to review the decision of the industrial commission awarding compensation to Edward Lehman to be paid by the state treasurer out of the special fund created under G. S. 1923 (1 Mason, 1927) § 4276. This section reads as follows:

"If an employe receive an injury, which of itself, would only cause permanent partial disability, but which combined with a previous disability does in fact cause permanent total disability, the employer shall only be liable for the permanent partial disability caused by the subsequent injury.

"Provided, however, that in addition to compensation for such permanent partial disability and after the cessation of the payments for the prescribed period of weeks, the employe shall be paid by the state the remainder of the compensation that would be due for permanent total disability, out of a special fund known as the Special Compensation Fund, and created for such purpose in the following manner:

"Every employer shall pay to the state treasurer for every case of injury occurring in his employ and causing death in which there are no persons entitled to compensation the sum of two hundred ($200.00) dollars, which is to be placed into this special compensation fund and to be used to pay the benefits provided by this section. All moneys heretofore arising from the provisions of this section shall be transferred to this special compensation fund. All penalties collected for violation of any of the provisions of this act shall be credited to this special compensation fund.

"The State Treasurer shall be the custodian of this special fund and the Industrial Commission shall direct the distribution thereof, the same to be paid as other payments of compensation are paid."

Edward Lehman had lost the sight of one eye through the formation of a cataract. An injury sustained in the course of his employment destroyed the other eye. His employer and the insurance carrier paid him the prescribed compensation for the loss of one eye as provided in the above statute. The industrial commission awarded him the remainder of the compensation payable for total disability, to be paid out of the special fund provided for by the statute. Their award is opposed on the ground that the previous partial disability of Lehman resulted from natural causes in no way connected with industrial accidents. It is urged that the legislature, in enacting the compensation law, intended to impose on industry liability for disability resulting from industrial accidents, but did not intend to impose on industry liability for disabilities resulting from natural causes.

The legislature apparently recognized that a partially disabled workman would be handicapped in obtaining employment if the employer were to be held liable not only for subsequent disabilities but for total disability if a subsequent disability combined with the prior disability should result in total disability; and also that it would be inequitable to require the last employer to bear the entire burden in such cases. But the legislature also recognized that where a partially disabled workman suffered an injury which of itself would cause only partial disability, but which added to the prior disability caused total disability, the consequences to him would be much more serious than would have resulted from the subsequent partial disability standing alone. He would lose entirely the power to earn which he previously possessed and which he would still possess but for the subsequent injury.

To provide for such cases this state and other states have created a special fund out of which the workman is to be paid the difference between the compensation received from his employer on account of the subsequent partial disability and the compensation to which he is entitled on account of his total disability. Such special funds consist in whole or in part of payments which every employer, or his insurance carrier, is required to make for every

injury causing the death of an employe who left no dependents entitled to compensation. New York has a statute in most respects similar to ours. It was attacked as unconstitutional on the ground that it deprived employers of their property without due process of law in requiring them to contribute to the compensation of workmen never employed by them and for whose injuries they were in no way responsible. In Sheehan Co. v. Shuler, 265 U. S. 371, 44 S. Ct. 548, 68 L. ed. 1061, 35 A. L. R. 1056, the Supreme Court of the United States held the law constitutional. In the course of the opinion the court observed [265 U. S. 376]:

"The use of such special funds for such purposes is an additional compensation to the employees thus injured, over and above that prescribed as the payments to be made by their immediate employers. Such additional compensation is neither unjust nor unreasonable. Thus, an employee who, having lost one hand in a previous accident, thereafter loses the second hand, is, obviously, not adequately compensated by the provision requiring his employer to make payment for the loss of the second hand, independently considered; the total incapacity finally resulting from the loss of both hands working much more than double the injury resulting from the loss of each separate hand, considered by itself."

Where a workman having but one eye loses that, the compensation provided for the loss of one eye based on the theory that he still retains the use of the other is far from adequate. ·The section of the statute quoted was intended to provide for and cover such cases. The incapacity resulting to a workman from the loss of his remaining eye is the same whether he lost the other in an industrial accident or in some other manner. The statute grants the additional compensation where an injury causing partial disability, "combined with a previous disability," causes total disability. The statute uses the words "previous disability" without in any way limiting the meaning to be given to them. It contains nothing which indicates an intention to give the additional compensation in only those cases in which the "previous disability" resulted from an industrial accident. If the legislature had intended that the

additional relief should be given only in such cases, we think it would have expressed that intention in the statute. In view of the liberal construction always given to such statutes for the purpose of securing to a disabled workman the benefits intended, we have no trouble in holding that Mr. Lehman is entitled to the award made to him.

The order of the commission is affirmed and the writ discharged.