## CAIN *v.* STALEY MANUFACTURING COMPANY.

[No. 14,883.   Filed June 22, 1933.]

*Clarence E. Custer,* for appellant.

*James L. Murray,* for appellee.

SMITH, J.—In July, 1927, appellant entered the employ of appellee.   Five years prior thereto, he had lost the total vision of his left eye in another employment, which remained in that condition during all the time of his employment by the appellee.   On July 16, 1930, appellant lost the vision of his right eye by reason of an

injury arising out of and in the course of his employment. Appellant then filed his application before the Industrial Board, asking for compensation for total permanent disability.

Appellee filed a special answer in two paragraphs: (1) Setting up an agreement for 150 weeks for the loss of the vision of the right eye; (2) stating that the total permanent disability for which appellant asked compensation is partially the result of the vision of the left eye having been destroyed prior to July 16, 1930, in another employment.

The hearing member of the board found for appellant, and, upon a hearing before the Full Industrial Board, the facts were found and an award made for appellant, giving him compensation for the loss of vision of his right eye at the rate of $9.90 a week for a period of 150 weeks beginning July 16, 1930.

Appellant took an appeal to this court, and assigned as error that the award is contrary to law.

So much of the facts, as found by the board, as is necessary to understand the questions involved, is as follows: Appellant was in the employ of appellee on the 16th day of July, 1930, as a machinist at an average weekly wage of $18.00, and had worked in that capacity from July 27, 1927, to July 16, 1930, the time he was injured; five years prior to July 27, 1927, appellant had lost the vision of his left eye in another employment, and during all of the time of this employment was blind in his left eye; that appellee knew of such fact at the time of hiring appellant, and had such knowledge during all of the time of appellant's employment; that, during all of that time, appellant was able to and did perform the work for which he was employed up to the time of his injury, and was an industrially useful person, and had the ability and did actually earn an aver-

age weekly wage of $18.00; that on the 16th day of July, 1930, appellant received an accidental injury which arose out of and in the course of his employment; that appellee had knowledge thereof, and furnished medical and surgical attention therefor; that, since appellant's injury, he is wholly and permanently incapable of work in any gainful occupation; that he has no trade or occupation he can follow without the use of the sight of his right eye; that he is unable to move about without an attendant and "is now permanently and totally disabled;" that an agreement between appellant and appellee is in force and effect wherein appellee agreed to pay the appellant compensation for loss of the sight of the right eye at the rate of $9.90 per week for 150 weeks beginning July 16, 1930, and for no other or different disability arising from said injury; that said agreement was made on October 24, 1930, and approved by the Industrial Board on July 15, 1932.

The board further finds that, notwithstanding the fact that appellant, prior to his employment by appellee, in another employment had lost the vision of his left eye, and appellee had knowledge of said fact at the time of said employment, the appellant is entitled to compensation at the rate of $9.90 per week for a period of 150 weeks beginning on July 16, 1930, on account of the loss of vision of his right eye, resulting from said accidental injury received by him.

The board then made its award as follows:

"It is therefore considered and ordered by the Full Industrial Board of Indiana that the plaintiff be and is hereby awarded compensation as against the defendant at the rate of $9.90 per week for a period of 150 weeks, beginning July 16, 1930, for the loss of vision of his right eye.

"It is further ordered that the defendant have credit on this award for all compensation hereto-

fore paid on account of plaintiff's accidental injury of July 16, 1930.

"It is further ordered that the plaintiff pay the costs of this proceeding.

"Dated this 12th day of December, 1932."

The record discloses that appellant and appellee made an agreement on August 1, 1930, in which appellee agreed to pay compensation *during total disability;* that this agreement was approved by the Industrial Board on August 16, 1930. It is contended by appellant that this agreement is still in force, and was in force at the time that the Industrial Board made its award, and had not been set aside; hence, the award of the Full Industrial Board was contrary to law.

On October 24, 1930, appellant and appellee made a subsequent agreement in which the period of disability was fixed at 150 weeks for the loss of vision of the right eye. In the first agreement of August 1, 1930, no period of disability was fixed and it was simply a preliminary agreement fixing the amount of compensation during total disability. The agreement of August 1, 1930, was supplemented and set aside by the agreement of October 24, 1930, which was later approved by the Full Industrial Board. We have examined the authorities cited by appellant on this proposition and find that they do not support his contention; therefore the award of the Industrial Board could not be reversed upon this proposition.

In the case of *Calumet Foundry and Machine Company* v. *Mroz* (1923), 80 Ind. App. 619, 141 N. E. 883, in an opinion by Remy, J., this court passed upon the question raised by appellant in this case as to whether an employee who has lost the sight of one eye, and subsequently loses the sight of his remaining eye in another employment is entitled to compensation for permanent disability, or compensation for the

loss by the subsequent injury of the sight of the one eye. In the Mroz case, *supra*, this court held that the employee was not entitled to total permanent disability under the Workmen's Compensation Act, and construed Sections Nos. 33, 34 and 35 of said act. No benefit can arise from again discussing the application of these sections of the Workmen's Compensation Act; therefore, we re-assert the principles as set forth in the case of *Calumet Foundry and Machine Company* v. *Mroz, supra,* and re-adopt the reasoning of the court as expressed in that opinion.

We have examined all of the cases cited by appellant from the different jurisdictions outside of our own, and, while a majority of these cases awarded compensation for total permanent disability under facts similar to those in this case, still in a large majority of those jurisdictions the statutes are not like our own. In many of them, when compensation is awarded for total and permanent disability, the employer pays part and the state pays, out of funds raised for that purpose, the balance. There are several states holding the doctrine as expressed by our own court among which are Michigan, Tennessee, Minnesota, and Texas.

We think, as expressed by Judge Remy in the Mroz case, that section 33 of the Workmen's Compensation Act is clear, and that compensation for the loss of an eye, where the employee has lost the other eye in another, previous employment, can only be compensated as provided in section 31, for the injury to the eye sustained in the subsequent employment. Section 33 says, "He (meaning the employee) shall be entitled to compensation for the subsequent injury in the same amount as if the previous injury had not occurred." If we apply this statute to this case, then appellant would be entitled only to compensation for the loss of his right eye in this employment in the same

amount as if he had not lost the other eye in a previous injury. While this may seem a hardship upon the employee, the relief is from the legislature and not from the court. We cannot read anything into statutes when they are plain and unambiguous. The duty of the court is to give full effect to the statutes, if it can be done, and in this case it seems to us that the statute governing this case has a clear meaning, and needs no construction.

Appellant asked in effect that we apply the provisions of Section 35 to those of section 33. Section 33 applies to employees who have received two separate injuries in different employments. Section No. 35 applies to permanent injuries received in the same employment. The application of Section No. 35 to the case of an employee who received separate injuries in the same employment can readily be understood, but if we were to apply that principle to Section No. 33, which we are not authorized to do under the terms of the statute, it would impose an additional burden upon an employer who gives employment to an injured person, which the statute does not contemplate. In order to make a total and permanent disability in the instant case, it would be necessary to take into consideration the fact that appellant lost his left eye in another employment, and that the combination of his first injury with that of his subsequent injury produced the total and permanent disability. If employers of labor were to be held under the Workmen's Compensation Act for injuries which the employee may have received in another employment, it might result in a reluctance on their part to employ men who had been previously injured, notwithstanding the fact that such persons might be able to render efficient service. It is clear from the finding of facts by the Industrial Board that the total and permanent disability of appellant was par-

tially caused by the loss of one of his eyes in another employment, previous to the injury herein. The language of the board is, "That he is now permanently and totally disabled." This is true, no doubt, and supported by the evidence, but it cannot be said that this total and permanent disability arose out of and in the course of appellant's employment by appellee when the fact is that the loss of his left eye in another employment was a contributing cause to such total and permanent disability.

The award of the Industrial Board is affirmed.

Kime, C. J., dissents.