MORTON *v.* FELIX.

[No. 15,996. Filed October 14, 1937. Rehearing denied February 17, 1938.]

*Hatfield & Hatfield,* for appellants.

*Arthur S. Wilson,* for appellee.

CURTIS, J.—This is an appeal from an award of the full Industrial Board. That part of the finding and award of the board which is material to this opinion is as follows:

> "And the full Industrial Board, having heard the argument of counsel for the defendant, having reviewed the evidence and being duly advised therein, now finds that on October 10, 1935, while in the employ of the defendant at an average weekly wage of $16.50, plaintiff suffered an injury, as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention; that a compensation agreement was approved by the Board on December 4, 1936, providing for the payment of compensation at the rate of $9.07 per week, beginning on October 18, 1935, during total disability, not exceeding the period fixed by law; that under

the terms of said agreement compensation was paid in the total sum of $480.71 up to and including the 22nd day of October, 1936; that on January 12, 1937, the defendant filed its application for the review of an award on account of a change in conditions, alleging that the disability of said employee on account of said injury has ended since the date of said award and that said injury has resulted in a permanent partial impairment.

"It is further found by the full Industrial Board that some years prior to the accidental injury sustained by the plaintiff and while in the employ of one other than the defendant herein, plaintiff suffered an accidental injury, which resulted in the amputation of the index finger of his right hand.

"It is further found by the full Industrial Board that for all practical purposes subsequent to the amputation of the index finger, plaintiff had a serviceable industrial hand.

"It is further found that the accidental injury from which plaintiff suffered in his employment with the defendant in the within cause, was of an infectious character and that as a result of said infection plaintiff has lost 85 per cent of the use of his left (right) hand below the elbow.

"It is therefore considered and ordered by the Industrial Board of Indiana, that defendant's application to review an award on account of a change in conditions, should be and the same is hereby sustained and there is awarded plaintiff, as against defendant, compensation at the rate of $9.07 per week for 170 weeks, beginning with October 10, 1935, the defendant to be given credit for all compensation heretofore paid.

"It is further ordered that the defendant pay the costs of this proceeding."

From the said award this appeal has been duly prosecuted, one of the errors assigned and relied upon being: "That the final award of the full Industrial Board is contrary to law." This assignment presents all questions sought to have reviewed.

There was little or no conflict in the evidence. It tended strongly to show that the appellee while in the course of and within the scope of his employment for

appellant sustained an injury to his right hand on October 10, 1935, in which said injury infection set in, involving the ring finger and the dorsal palmar portion of the right hand, extending into the wrist, necessitating the amputation of the right ring finger and the adjacent metacarpal bone of said hand and later the loss of the adjacent carpal bone, resulting in ankylosis of the wrist joint and limitation of motion to the middle finger. The little finger on said hand of appellee was practically a total loss so far as movement is concerned, leaving the thumb only with any reasonable degree of flexion. The appellee testified that in 1930 he lost the index finger of his right hand in an accident in another and separate employment. There was evidence offered at the trial of this cause before a hearing member of the Industrial Board that appellee had sustained a permanent partial impairment to his right hand, in the amount and percentage of from eighty (80) to eighty-five (85) per cent. However, there was testimony by a doctor that in his opinion twenty (20) per cent of appellee's impairment was due to the loss of his index finger on said hand by the previous injury occurring in the year 1930.

It is mainly on the basis of this testimony and the testimony of appellee to the effect that he had sustained a loss of the index finger to his right hand, the same hand, from said previous injury, occurring in 1930, that appellant brings this appeal, and challenges the award of the full Industrial Board for two reasons, namely: first, "that the award is contrary to law; second, that the award is contrary to the evidence." Briefly summarized the appellant's contention is that since the appellee had lost his index finger in the said previous injury occurring in 1930 and that, it, being a material loss to the use of the hand in question, and there being no causal connection between the first or former injury and the injury occurring Octo-

ber 10, 1935, here in question, that the appellant is charged by the finding of the full Industrial Board with the payment of compensation to appellee for a loss resulting from such previous injury. The appellant points out that the evidence is without dispute as to appellee's loss of the index finger to his right hand in a former accident, and contends that said loss very materially increased the extent of appellee's permanent partial impairment to his right hand, and that therefore the percentage of impairment assessed against the appellant in said award is too high and therefore contrary to law.

At first thought it might seem that the appellant's viewpoint was meritorious if from all the facts it could be conclusively shown that the impairment from a previous injury had definitely and unquestionably increased the impairment in this cause in a given degree or amount.

But the full Industrial Board in this cause did not so find that appellee's permanent partial impairment to his right hand was due to any previous injury. On the contrary said Board expressly found as follows: "It is further found by the full Industrial Board that for all practical purposes subsequent to the amputation of the index finger, plaintiff had a serviceable industrial hand."

In our opinion there was evidence from which the full Industrial Board in this cause might so find. The doctor testified concerning said matter as follows: "The index finger was involved in an accident that occurred some time ago, but he (plaintiff) could work with it."

The appellee testified concerning the usefulness of his right hand subsequent to the amputation of the index finger from the previous or former injury occurring in the year 1930, and further testified as to the lack of the use of his right hand subsequent to the injury occurring on October 10, 1935. In substance he said that at the time of the recent injury he had been working for

the Morton Lumber Company for a little over three years off and on, not steady, *as a truck driver handling lumber;* that he did the work day by day as it came along; that since the injury which occurred on October 10, 1935, he had not been able to work, and that he has no strength in his right hand and cannot use it.

This court is committed to the doctrine that in determining the sufficiency of the evidence to sustain the finding of facts that we are limited to a consideration of the evidence most favorable to the appellee, including such inferences favorable to the appellee as might have been fairly drawn by a jury if the matter had been tried by a jury. We quote from *Roush* v. *W. R. Duncan & Son et al.* (1933), 96 Ind. App. 122, 129, 183 N. E. 410, as follows: "When, as in this case, the Industrial Board has reached a conclusion as to the ultimate facts which have or have not been established, and has stated such conclusion in its finding of facts, this court must accept the facts so found as true, unless the evidence is of such a conclusive character as to force a contrary conclusion. In order to reach a contrary conclusion we, however, will not weigh the evidence nor will we disregard the reasonable inferences which the Industrial Board may have drawn from the facts which the evidence tends to establish." See also: *Swing* v. *Kokomo Steel and Wire Company* (1921), 75 Ind. App. 124, 125 N. E. 471; *Bickel* v. *Ralph Sollitt & Sons Construction Company* (1933), 97 Ind. App. 57, 184 N. E. 196; *Staley* v. *Indianapolis Coal Company* (1936), 101 Ind. App. 335; *Indiana Portland Cement Company* v. *Frazer* (1927), 86 Ind. App. 406, 158 N. E. 209.

It must be borne in mind that the board as a part of its finding herein found as follows: "It is further found

by the full Industrial Board that for all practical purposes subsequent to the amputation of the index finger (1930), plaintiff had a serviceable industrial hand." That was a finding of fact and in our opinion it was sustained by sufficient evidence. In the absence of a finding of diminished usefulness we would assume from such a finding that the injured employee's hand after the amputation of the index finger in 1930 and before the last injury served said employee fully for the purposes of his said employment. In other words his hand was a serviceable industrial hand and industrially useful. Such terms as industrially serviceable or industrially useful do not necessarily mean a physically perfect member of the body but as distinguished from physical perfection they mean that the particular member of the body referred to is reasonably suited and fit for the employee's use and used by him in his particular employment. See: *Syracuse Cabinet Company* v. *Leedy* (1929), 89 Ind. App. 518, 167 N. E. 149.

The appellant relies mainly upon the following two cases: *Calumet Foundry & Machine Company* v. *Mroz* (1923), 80 Ind. App. 619, 141 N. E. 883; *Cain* v. *Staley Manufacturing Company* (1933), 97 Ind. App. 235, 186 N. E. 265. In each of the above two cases the holding was that an employee who had lost the sight of an eye in a prior employment was not entitled to compensation for total disability upon the loss of the other eye in a subsequent employment. As was pointed out in the Syracuse Cabinet Company case, *supra,* the said cases relied upon by the appellant are not in point and are readily distinguishable from the instant case. In those two cases relied upon the employee did not by his last injury lose any part of a member of his body which had been injured in a former accident, and in addition we mention again the fact that in the instant case, like the Syracuse Cabinet Company case, *supra,* the injured employee prior to the

last injury had an industrially useful hand and it was the last accident that rendered it 85% useless.

The award of the full board is not contrary to law and it is affirmed, with the usual statutory penalty of five per cent added.

Dudine, J., concurs in result.