## LAWSON v. SUWANNEE FRUIT & STEAMSHIP CO. et al.
### No. 11928.

Circuit Court of Appeals, Fifth Circuit.

Feb. 20, 1948.

H. S. Phillips, U. S. Atty., of Tampa, Fla., and Edith House, Asst. U. S. Atty., of Jacksonville, Fla., for appellant.

Harry T. Gray, of Jacksonville, Fla., for appellees.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

John Davis, through causes unconnected with industry and not attributable to injury by accident, lost the sight in his right eye to such an extent that he became industrially blind in that eye. Later, while in the employ of Suwannee Fruit and Steamship Company, and through accident sustained in the course of his employment, he lost the sight in his left eye to the extent that he also became industrially blind in that eye. Davis is now permanently and totally disabled, as a result of permanent industrial blindness in both eyes.

The sole question with which we are concerned is whether the employer, Suwannee Fruit and Steamship Company, is liable for compensation to its employee, Davis, for permanent total disability, under provisions of the Longshoremen's and Harbor Workers' Compensation Act, § 8(a), 33 U.S.C.A. § 908(a), or whether it is liable only for permanent partial disability,

with the remainder of the allowed compensation to be paid out of the special fund created by Section 44 of the Act, 33 U.S.C.A. § 944.

The employer, Suwannee Fruit and Steamship Company, contends that under section 8(f) of the Act, 33 U.S.C.A. § 908 (f), it is relieved from liability for permanent total disability, and is only required to provide compensation for permanent partial disability.[1]

Appellant Commissioner contends that by virtue of the construction and interpretation placed on Section 8(f) of the Act by the courts, an employee is nevertheless entitled to total permanent disability compensation from an employer in such cases, regardless of any previous disability not sustained through industrial accident; that such construction is in accord with the intent and purpose of the compensation law, and that to hold otherwise would cast upon the special fund created by Section 44 of the Act burdens which it was never intended to bear.

We are of opinion and so hold, that appellees are liable to the employee, Davis, for permanent partial disability only, and that the remainder of the compensation allowed for total disability must come from the special fund created by the Act. 33 U.S.C.A. § 944.

■ Section 8(f) of the Act is clear and unambiguous, and therefore needs no construction. When read in its ordinary sense it can have but one meaning. It was clearly intended to restrict the liability of employers to only those employees disabled as a result of accidental injury sustained during their employment. Congress, in passing this section of the Act, intended to relieve industry from compensating for disabilities not caused by it. To give to Section 8(f) of the Act the strained and ingenious construction urged by the Commissioner is but to distort its true sense and meaning. United States v. Ryan, 284 U.S. 167, 52 S.Ct. 65, 76 L.Ed. 224. When we come to use the phrases "previous disability", and "subsequent injury", in Section 8(f), they should be construed in their plan and ordinary sense, and one which produces a consistent and logical result. To interpolate into this section the defined meaning of those terms from Section 2 alone leads to an anomaly. We can give to this section no reasonable construction which would make an employer liable for *total disability* where a previous injury *was not* received in the course of employment, and yet to make him liable only for *partial disability* where the previous injury *was* received in the course of employment. Lente v. Lucci, 275 Pa. 217, 119 A. 132, 24 A.L.R. 1462; Catlett v. Chattanooga Handle Company, 165 Tenn. 343, 55 S.W.2d 257; Cain v. Staley Mfg. Co., 97 Ind.App. 235, 186 N.E. 265; Lehman v. Schmahl, 179 Minn. 388, 229 N.W. 553; National Homeopathic Hospital Association v. Britton, 79 U.S.App.D.C. 309, 147 F.2d 561; see dissent of Chief Justice Groner.

■ The purpose of this section of the Act is to aid employees who have been partially and permanently disabled through causes unconnected with industrial accident. Certain it is that if industry is penalized by being forced to provide total permanent disability compensation to employees who were already partially and permanently disabled when employed, it would eventually decline to give employment to these handicapped individuals. Therefore, it follows that the construction given to this section by the Commissioner would deny aid to the very ones Congress was seeking to help.

■ We need only add that we are not concerned with whether the special fund created by Section 44 of the Act will be too quickly depleted by the effect of this and

---

[1] 33 U.S.C.A. § 908(f), provides: "Injury increasing disability: (1) If an employee receive an injury which of itself would only cause permanent partial disability but which, combined with a *previous disability*, does in fact cause permanent total disability, the employer shall provide compensation only for the disability caused by the *subsequent injury*: Provided, however, That in addition to compensation for such permanent partial disability, and after the cessation of the payments for the prescribed period of weeks, the employee shall be paid the remainder of the compensation that would be due for permanent total disability. Such additional compensation shall be paid out of the special fund established in Section 944 of this chapter."

like decisions. We are not empowered to legislate, but only to construe the laws as enacted by the Congress. Kobilkin v. Pillsbury, 9 Cir., 103 F.2d 667.

We find no reversible error in the record and the judgment is therefore affirmed.