FARMERS MUTUAL HAIL INSURANCE COMPANY
OF IOWA *v.* GORSUCH

[No. 18,340. Filed February 13, 1953.]

*Charles C. Fraze* and *Fraze & Spangler* of Albion, for appellant.

*Ralph W. Probst,* of Kendallville, for appellee.

ACHOR, J.—This was an action brought in the Noble Circuit Court by the appellant, Farmers Mutual Hail Insurance Company of Iowa, against the appellee, Kenneth W. Gorsuch, for judgment against appellee for an annual premium of $121.28 allegedly due on a five-year policy of hail insurance and $125.00 attorneys' fees. The cause was tried by a jury. At the close of the appellant's evidence, appellee requested the court for a directed verdict. The court granted the motion. Thereafter the jury retired and returned a verdict for appellee (defendant) and the court entered judgment against appellant for costs. The complaint contained the following allegation:

> "1. That the plaintiff is a corporation organized and existing under the laws of the State of Iowa and is now and has been for more than . . . years last past duly authorized to do business in the State of Indiana."

Paragraph three of appellee's answer was as follows:

> "Comes now the defendant by way of a third and further paragraph of answer and says that he now under oath denies each and every material allegation contained in each paragraph of plaintiff's complaint.
> "Wherefore defendant demands judgment.
> Kenneth W. Gorsuch.

> "Said third paragraph is subscribed and sworn to before me by the said Kenneth W. Gorsuch this 17th day of December, 1951.
> Ralph W. Probst,
> (Seal)                                    Notary Public.
> My commission expires 8/7/1951."

Appellee's motion for directed verdict, at the conclusion of appellant's evidence, rested upon the follow-

ing grounds: (1) That appellant did not introduce proof as to the incorporation of the plaintiff company; (2) that it did not prove that it has been authorized to do business or issue policies of insurance in the State of Indiana as required by §25-314, Burns' 1948 Replacement and §39-4701, Burns' 1952 Replacement, nor (3) had proof been made that the intangible tax on the note had been paid as required by §64-930, Burns' 1951 Replacement.

Numerous grounds are assigned in appellant's motion for new trial, but essentially they all involve the question as to propriety of the court's ruling in directing a verdict for appellee at the conclusion of appellant's evidence. Appellant contends that *under the pleadings* appellant corporation was not required to prove either of these matters; that they are matters which do not go to the merits of the case, but only the capacity to sue; that under §2-1034, Burns' 1946 Repl., in the trial of a cause a corporation is not required to prove its corporate capacity or its authority to do business in the state unless the defendant has filed an affirmative answer in abatement specifically denying such corporate capacity and authority.

The manner in which the corporate existence of corporation may be challenged is now well settled. In Vol. 13, Am. Jur., p. 1080, the following is stated in §1167: ". . . the issue of corporate existence of a plaintiff . . . corporation cannot be raised by a general denial, but that, in order to raise the issue, the corporate existence of the plaintiff . . . must be specifically denied. If the defendant desires to raise the issue . . . he must specially plead or aver in his answer that the plaintiff has no corporate existence and has no right to contract or sue as a corporation. . . ."

Under a statute similar to our present statute (§2-1034, *supra*) our Supreme Court has stated that, where a corporation sues in its corporate name, "... a default or answer in denial of the cause of action admits the capacity of the plaintiff to sue. ... But there may be an answer of *nul tiel* corporation, at the commencement of the suit. ... Such answer, it is now settled in this State, is an answer in *abatement,* and must therefore precede answers to the merits. ..." (Our italics.) *Heaston* v. *The Cincinnati, etc., Railroad Co.* (1861), 16 Ind. 275, 278.

Also, this court has recently held that, under §2-1034, Burns' 1946 Repl., *supra,* the failure of a foreign corporation to comply with §25-314, Burns' 1948 Repl., *supra,* "... merely suspends the right of a foreign corporation to maintain actions in this State until its provisions have been complied with, *Peter & Burghard Stone Co.* v. *Carper* (1930), 96 Ind. App. 554, 172 N. E. 319, and a failure to comply herewith must be raised by plea in abatement and not in bar. *Pittsburgh, etc., R. Co.* v. *German Ins. Co.* (1909), 44 Ind. App. 268, 87 N. E. 995. ..." *Warren Company, Inc.* v. *Exodus* (1944), 114 Ind. App. 651, 657, 54 N. E. 2d 775. See also, *Wood Mowing, Etc., Co.* v. *Caldwell* (1876), 54 Ind. 270; *Elston* v. *Piggott et al.* (1883), 94 Ind. 14; *The Phenix Ins. Co.* v. *The Pennsylvania Railroad Co.* (1892), 134 Ind. 215, 33 N. E. 970, 20 L. R. A. 405.

Also, the rule is now well established that even though a foreign insurance company, doing business in this state, has not complied with §39-4701, Burns' 1952 Repl., this fact does not render the contract of insurance void, but merely constitutes a matter in *abatement* until the company complies with the statute. *North Mercer, etc., Co.* v. *Smith*

(1901), 27 Ind. App. 472, 61 N. E. 10; *The Phenix Ins. Co.* v. *The Pennsylvania Railroad Co., supra; Pittsburgh, etc., R. Co.* v. *German Ins. Co., supra.*

Finally, appellee contends that appellant failed to establish its case in that it did not introduce any exhibit showing that intangible tax stamps had been ▪ placed on the premium note for the year 1945.

However, appellee's contention upon this issue is not well taken. By the specific provision of the Indiana Intangibles Tax Act, intangibles owned or controlled at a business situs without the State of Indiana, or by an insurance company or association, either foreign or domestic, are excluded from the application of the act (§64-901, Burns' 1951 Repl.). Furthermore, this court has held in an action on promissory notes as follows:

> "If appellee commenced his action before the full amount of tax plus penalties, if any, was paid in full his action was prematurely brought.
>
> "Such matters go to abatement of the action and not to the defense. Appellant should have pleaded in abatement instead of in bar. By failing so to do he waived his right to raise the question. *Moore* v. *Sargent* (1887), 112 Ind. 484, 14 N. E. 466; *Pittsburgh, etc. R. Co.* v. *Schmuck* (1914), 181 Ind. 323, 103 N. E. 325."

*Gradeless* v. *Gradeless, Admr.* (1943), 114 Ind. App. 10, 17, 49 N. E. 2d 398.

The following cases are cited by appellee as supporting its position that it was only necessary to file an answer under oath, not a plea in abatement: *Baltimore, etc., R. Co.* v. *Berdon, Admr.* (1924), 195 Ind. 265, 145 N. E. 2, 150 N. E. 407; *Wright* v. *Walker* (1926), 197 Ind. 561, 151 N. E. 424; *City of Hobart* v. *State, ex rel.* (1926), 198 Ind. 574, 154 N. E. 384. An examination of each of the above cited cases reveals

that they hold only that where the plaintiff's capacity to sue is *not denied* by a pleading under oath, no proof as to such capacity to sue was necessary at the trial. Those cases are not authority upon the issue as to whether or not such a pleading under oath which *denies* capacity to sue must be filed as a plea in statement, or as an answer in bar.

We conclude, therefore, that although appellee's third paragraph of answer was made under oath, since it was filed as a plea in bar and not in abatement, it was not timely filed. The issue hereinbefore presented, not having been properly raised by a plea in abatement, was not before the court. Therefore, under the established precedent of this court the granting of appellee's motion for a directed verdict under the facts before the trial court, was error.

Judgment is therefore reversed, with instructions that the trial court sustain appellant's motion for a new trial and for other proceedings consistent herewith.

NOTE.—Reported in 110 N. E. 2d 344.