**CHARLES W. SMITH AND SONS EXCAVATING, INC.,**
Plaintiff-Appellant,

v.

**LICHTEFELD–MASSARO, INC.,** Louisville Cement Company, Inc. Aetna Life and Casualty Company, Richard Jones, Auditor of Clark County, Indiana, and James Bottorff, Treasurer of Clark County, Indiana, Defendants-Appellees.

No. 1–1184A282.

Court of Appeals of Indiana,
First District.

April 25, 1985.

John B. Southard, Jr., Middletown, Ky., Larry F. Whitham, Indianapolis, for plaintiff-appellant.

David D. Nachand, Jeffersonville, David B. Blandford, Ackerson, Ackerson, Blandford & Kiser, Louisville, Ky., for defendants-appellees.

·ROBERTSON, Judge.

Plaintiff-appellant, Charles W. Smith & Sons Excavating, Inc. (Smith) seeks review of the trial court's order dismissing the cause of action for a failure to timely procure a certificate of admission to transact business in the State of Indiana pursuant to IND.CODE 23–1–11–14. The statute provides in part:

(a) No foreign corporation transacting business in this state without procuring a certificate of admission or, if such a certificate has been procured, after its certificate of admission has been withdrawn or revoked, shall *maintain* any suit, action or proceeding in any of the courts of this state upon any demand, whether arising out of contract or tort, and every such corporation so transacting business shall be liable by reason thereof to a civil penalty of not exceeding ten thousand dollars ($10,000) to be recovered in an action to be begun and prosecuted by the attorney general in any county in which such business was transacted.

(b) If any foreign corporation shall transact business in this state without procuring a certificate of admission, or, if a certificate has been procured, after its certificate has been withdrawn or revoked, or shall transact any business not authorized by such certificate, such corporation shall not be entitled to maintain any suit or action at law or in equity upon any claim, legal or equitable, whether arising out of contract or tort, in any court in this state, and it shall be the duty of the attorney general, upon being advised that any foreign corporation is so transacting business in this state, to bring action in the circuit or superior court of Marion County for an injunction to restrain it from transacting such unauthorized business and for the annulment of its certificate of admission, if one has been procured. (Emphasis added).

Smith, a Kentucky corporation, instituted this action to foreclose upon its mechanic's lien for subcontract work completed on an Indiana project. Smith named as its defendants, the appellees, Lichtefeld-Massaro, Inc. (Lichtefeld) the general contractor; Aetna Life and Casualty Company, the performance and payment bond surety; Louisville Cement Company, Inc., the owner of the construction project; and the Auditor and Treasurer of Clark County, Indiana. Pursuant to Indiana Rules of Procedure, Trial Rules 8(C), 9(A) and 12, Lichtefeld timely moved to dismiss the cause of action for Smith's failure to obtain the certificate of admission to transact business (Certificate) in this state. IND.CODE 23–1–11–14. In immediate response to the motion and prior to submitting its response, Smith in fact obtained the Certificate. Hearing was held, at the conclusion of which the trial judge entered the order, now under review, wherein the trial court announced its decision to treat the motion to dismiss as a motion for summary judgment. Finding no genuine issue as to any fact material to the motion, particularly that Smith had failed to obtain the Certificate by the time it filed its cause of action, the trial court concluded that Smith lacked capacity to maintain its lawsuit, and that judgment as a matter of law belonged to Lichtefeld. Accordingly, the cause was dismissed without prejudice.

Four points are raised on appeal, the first of which we find dispositive of our decision to reverse. We approve Smith's argument that the trial court committed reversible error when it determined that "maintain" required a foreign corporation to comply with I.C. 23–1–11–14 as of the filing date of its complaint.

■ A fundamental rule of statutory interpretation is that words and phrases should be given their plain, ordinary, and usual meaning. *Nutt v. State*, (1983) Ind.

App., 451 N.E.2d 342. Black's Law Dictionary, 5th Ed.1979 provides:

> To "maintain" an action is to uphold, continue on foot, and keep from collapse a suit already begun, or to prosecute a suit with effect. *George Moore Ice Cream Co. v. Rose, Ga.,* 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265. To maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action. Maintain, however, is applied to actions already brought, but not yet reduced to judgment. *Smallwood v. Gallardo,* 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152. In this connection it means to continue or preserve in or with; to carry on.

The language of Burns' Ann.St. § 25–314, predecessor to I.C. § 23–1–11–14 virtually tracks that of its successor. Accordingly, attention must be given to those earlier cases interpreting "maintain" in the context of "to maintain any suit or action of law or in equity upon any claim, legal or equitable...." Our review reveals that historically the appellate courts have held that the language of the statute is not to operate as a bar to action once commenced but merely means to suspend further legal proceedings until such time as the statutory provisions have been complied with. *See, Warren Co. v. Exodus,* (1944) 114 Ind.App. 651, 54 N.E.2d 775; *Farmers Mutual Hail Ins. Co. of Iowa v. Gorsuch,* (1953) 123 Ind.App. 264, 110 N.E.2d 344. In fact, where there is no ambiguity in the language of the statute, there is no authority for the courts to read anything into a statute. *Cain v. Staley Manufacturing Co.,* (1933) 97 Ind.App. 235, 186 N.E. 265. Further, in construing a statute, it is just as important to recognize what a statute does not say as it is to recognize what it does say. *City of Muncie v. Campbell,* (1973) 156 Ind.App. 59, 295 N.E.2d 379. We find that I.C. § 23–1–11–14 is wanting of any language which suggests that the Certificate must be obtained by the date of filing or action is barred.

Language employed in a statute is deemed to have been used intentionally, *i.e.* lawmakers are assumed to have used the language expressive of their intention. *Young v. State,* (1923) 194 Ind. 221, 141 N.E. 309, *Burks v. Bolerjack,* (1981) Ind., 427 N.E.2d 887. Accordingly, we reverse the trial court's order dismissing this cause of action. We hold that the failure of a plaintiff foreign corporation to obtain a Certificate under I.C. 23–1–11–14 by the date of the filing of its complaint in Indiana courts merely suspends rather than bars further legal proceedings until such time as the Certificate is obtained.

Smith's second point questions the trial court's decision to treat the motion to dismiss as a motion for summary judgment. We direct attention to Ind.Rules of Procedure, Trial Rule 12(B)(8) which provides in part:

> If, on a motion, asserting the defense number (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Although the trial court considered matters outside the pleading and thereby properly treated the motion as one for summary judgment, for reasons discussed above we cannot agree that there was an absence of material fact as to a genuine issue. Left for resolution are those substantive issues raised and not yet addressed in the complaint to foreclose a mechanic's lien. Thus, judgment as a matter of law belongs to none.

The final two points raised on appeal are mere unpersuasive attempts to discredit applicability of I.C. 23–1–11–14 altogether and warrant no further discussion. Accordingly, we reverse the judgment of the trial court and remand for further proceedings.

Reversed and remanded.

RATLIFF, P.J., and NEAL, J., concur.