No. 92-042

# IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

WATSON & ASSOCIATES, INC.,
an Arizona corporation,

Plaintiff and Respondent,

-vs-

GREEN, MacDONALD & KIRSCHER, a Montana
partnership; JACK L. GREEN, II, P.C.,
a Montana professional corporation;
JACK L. GREEN, II; and RALPH B. KIRSCHER,

Defendants and Appellants.



FILED

JUN 23 1992

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Sherman V. Lohn and Susan P. Roy; Garlington, Lohn
& Robinson, Missoula, Montana

For Respondent:

Michael J. McKeon, McKeon & Anderson, Butte, Montana
C. Kathleen McBride and Greg J. Skakles; Johnson,
Skakles & Kebe, Anaconda, Montana

Submitted on Briefs: April 23, 1992

Decided: June 23, 1992

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

This is an appeal from the order of the District Court of the Twentieth Judicial District, Lake County, denying defendants' motion to dismiss plaintiff's complaint. We affirm the District Court.

The sole issue is whether the District Court erred in its determination that filing of the complaint tolled the statute of limitations until the plaintiff was subsequently certified as a foreign corporation authorized to do business in Montana, pursuant to § 35-1-1004, MCA.

Watson & Associates, Inc., an Arizona corporation, filed an action alleging professional negligence, breach of fiduciary duty, and breach of the covenant of good faith by the defendants. The complaint was filed on January 13, 1988, and defendants were served with the summons in January 1989. On April 17, 1989, defendants moved to dismiss the complaint on the grounds that plaintiff was not a foreign corporation qualified to do business in Montana under § 35-1-1004, MCA (1989). Plaintiff received its certificate of authority to do business in Montana on March 21, 1983, but allowed the certificate to lapse on November 2, 1987. It contends that it did so because it was no longer transacting business in Montana.

Plaintiff reobtained its certificate on May 2, 1989. The motion to dismiss was argued on May 9, 1989. At that hearing, defendants stated additional grounds for their motion. They alleged that the statute of limitations had run prior to the time that plaintiff reobtained its certificate of authority. On

2

August 9, 1991, the District Court issued an order denying defendants' motion to dismiss. The order was certified for appeal pursuant to Rule 54(b), M.R.Civ.P. Defendants appeal that certified order.

Defendants contend that the District Court erred in its conclusion that the statute of limitation for legal malpractice contained in § 27-2-206, MCA, was tolled when plaintiff's complaint was filed on January 13, 1988. Defendants assert that plaintiff had no authority to commence an action in Montana until it reacquired its certificate of authority to conduct business, pursuant to § 35-1-1004(1), MCA (1989). That statute states:

> (1) No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit, or proceeding in any court in this state until such corporation shall have obtained a certificate of authority. Nor shall any action, suit, or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim, or demand arising out of the transaction of business by such corporation in this state until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets.
>
> (2) The failure of a foreign corporation to obtain a certificate of authority to transact business in this state shall not impair the validity of any contract or act of such corporation and shall not prevent such corporation from defending any action, suit, or proceeding in any court of this state. [Emphasis added.]

It is significant that § 35-1-1004(1), MCA, uses the term "maintain" in reference to actions or suits. The majority of courts having addressed the issue of the meaning of "maintain" have determined the term to be distinguishable from the terms "commence" or "institute." These courts have concluded that "maintain" means

3

to continue an action that has already begun, and not to prohibit an action from being initiated.

In *Charles W. Smith and Sons Excavating, Inc. v. Lichtefeld-Massaro, Inc.* (Ind. 1985), 477 N.E.2d 308, the Indiana Court of Appeals, faced with a statute similar to § 35-1-1004(1), MCA, stated:

> A fundamental rule of statutory interpretation is that words and phrases should be given their plain, ordinary, and usual meaning. [Citation omitted.] Black's Law Dictionary, 5th Ed. 1979 provides:
>
> > To "maintain" an action is to uphold, continue on foot, and keep from collapse a suit already begun, or to prosecute a suit with effect. *George Moore Ice Cream Co. v. Rose, Ga.,* [1933,] 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265. To maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action. Maintain, however, is applied to actions already brought, but not yet reduced to judgment. *Smallwood v. Gallardo,* [1929,] 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152. In this connection it means to continue or preserve in or with; to carry on.
>
> . . . Accordingly, attention must be given to those earlier cases interpreting "maintain" in the context of "to maintain any suit or action of law or in equity upon any claim, legal or equitable. . . ." Our review reveals that historically the appellate courts have held that the language of the statute is not to operate as a bar to action once commenced but merely means to suspend further legal proceedings until such time as the statutory provisions have been complied with. [Citations omitted.]
>
> . . . Accordingly, we reverse the trial court's order dismissing this cause of action. We hold that the failure of a plaintiff foreign corporation to obtain a Certificate under I.C. 23-1-11-14 by the date of the filing of its complaint in Indiana courts merely suspends rather than bars further legal proceedings until such time as the Certificate is obtained.

*Smith*, 477 N.E.2d at 309-10.

In *Oxford Paper Co. v. S. M. Liquidation Co.* (1965), 257 N.Y.2d 395, the court contrasted "maintain" and "commence." The court stated:

> Section 1312 of the New York Business Corporation Law does not provide that a foreign corporation doing business in this state without authority may not "commence" an action here, or that such an action, if instituted, shall be forthwith dismissed. The provision is that such a plaintiff may not "maintain" an action in this state, and that is so "unless and until such corporation has been [so] authorized * * * and it has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority". Thus, it would seem that, upon receipt of such authority and upon payment of such sums, an action previously commenced may be maintained.

> . . . .

> If I am correct in my view that "maintain" should not be narrowly construed to mean "commence," it is *a fortiori* obvious that, if it be shown, as here, that the foreign corporation doing business in this state had the requisite authority before the institution of suit, it may continue to maintain the action and invoke the remedies of the law provided for its prosecution or conclusion.

*Oxford*, 257 N.Y.S.2d at 399-400.

Section 35-1-1004, MCA, is taken from the Model Business Corporation Act, as proposed by the American Bar Association in 1960. In the Official Comments to the Act, § 117 states:

> If suit has been instituted prior to qualification, the corporation may then qualify and continue its litigation without the necessity of refiling suit after qualification, which may be important if a statute of limitations is involved.

The weight of authority, along with comments from the authors of the section we are interpreting, supports the decision of the District Court. Section 27-2-206, MCA, prohibits the

5

"commencement" of suit after three years from the date of occurrence. Had the Montana Legislature wished to prohibit the commencement of suits by nonauthorized corporations, it would have expressly declared its intentions by statute. It did not do so. The District Court correctly interpreted the statute to allow the commencement of suit by Watson & Associates, which it did in a timely manner. The effect of § 35-1-1004(1), MCA, is to suspend the proceedings once suit has been filed until the statute has been complied with, and then allow the suit to go forward.

Accordingly, we affirm the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6

June 23, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Sherman V. Lohn, Esq.
Susan P. Roy, Esq.
GARLINGTON, LOHN & ROBINSON
P.O. Box 7909
Missoula, MT 59807


MICHAEL J. McKEON, Esq.
Attorney at Law
P.O. Box 3329
Butte, MT 59702


C. Kathleen McBride and Greg J. Skakles
Johnson, Skakles & Kebe
P.O. Box 1413
Anaconda, MT 59711


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy